ABRAHAM DOWDNEY et al., Appellants, *v.* THE MAYOR, ALDERMEN AND COMMONALTY OF THE CITY OF NEW YORK, Respondents.

No tax or assessment can exist so as to become a lien or incumbrance upon real estate until the amount thereof is ascertained and determined.

The various statutory provisions authorizing the municipal corporation of the city of New York to construct sewers and to collect the expenses by assessments upon the owners or occupants of the premises benefitted, and declaring such assessments to be incumbrances upon such premises, have reference to collection from other parties, not from the corporation itself. It cannot make such an assessment so as to create a valid lien or incumbrance upon property owned by itself at the time the sewer was constructed and the expense thereof paid by it.

On the 15th of June, 1866, defendants conveyed to plaintiffs' grantor certain premises by deed, containing a covenant that the premises were clear and unincumbered of all taxes, assessments and incumbrances, and that they would thereafter upon request make, do and execute such further acts and conveyances, etc., for conveying and confirming the premises to the grantee or assigns, as they might request. In October, 1865, a contract was made for the construction of a sewer, in pursuance of chapter 381, Laws of 1865. This had been completed and the expense thereof paid by defendants at the time of said conveyance. In October, 1866, an assessment on behalf of defendants of the expense of constructing said sewer, was confirmed and entered against defendants as owners of the premises, and was an apparent lien thereon. Defendants refused, upon demand, to cancel the lien or to release said premises therefrom. *Held* (EARL, C., *contra*), that as the assessment had not been made and confirmed, nor had the same been entered as required by section 6 of chapter 579 of the Laws of 1853, in order to make it a lien at the time of the giving of the deed, such assessment was not then a lien or incumbrance within the meaning of the covenant, and was not a breach of the covenant.

But *held*, that when defendants sold and conveyed the property, no portion of the expense of the sewers was chargeable upon or could thereafter be collected out of the property, and that plaintiffs were entitled to a discharge and release of all claim for or on account of the assessment.

(Argued March 15, 1873 ; decided June term, 1873.)

APPEAL from judgment of the General Term of the Supreme Court in the first judicial district, entered upon an

order reversing judgment in favor of plaintiffs, entered upon
the decision of the court at Special Term, and directing
judgment in favor of defendants.

This action was brought to remove the lien of an assess-
ment from certain premises owned by plaintiffs, situate in the
city of New York.

The complaint alleges the following facts.  On the 15h of
June, 1866, the defendants owned certain premises described,
situate in the city of New York, fronting on Fourth avenue,
and on that day granted and conveyed the same to Brewster
and others, and the deed was duly recorded.  In and by this
deed the defendants covenanted and agreed that the premises
were then " free, clear, discharged and unincumbered of and
from all former and other grants, titles, charges, estates,
judgments, taxes, assessments and incumbrances, of what
nature and kind soever;" and further, that the defendants
would at any time or times thereafter, upon the reasonable
request and at the proper cost and charges in the law of the
parties of the second part to the deed, their heirs or assigns,
make, do and execute such further and other acts, convey-
ances and assurances for conveying and confirming the pre-
mises to the parties of the second part or their assigns, as they
might request.  In October, 1868, Brewster and others granted
the premises to the plaintiffs herein.  In October, 1865, by
virtue of chapter 382 of the Laws of 1865, a contract was made
for the construction of a sewer in Fourth avenue.  This sewer
was finished and the expense thereof paid by the defendants
at the time of the sale and conveyance of the premises by
the defendants.  In October, 1866, an assessment made on
behalf of the defendants, was confirmed and entered against
the defendants as owners of said premises, and as an apparent
lien thereon for $2,177.66, which assessment was founded on
the expense of constructing said sewer.  Brewster and others
at the time of the conveyance to them and when they con-
veyed to the plaintiffs, had no notice of the assessment and
relied upon their covenant from the defendants.  The assess-
ment being an apparent lien or cloud on the title of the plain-

tiffs, Brewster and others, their grantors, in November 1868, and again in the ensuing December, demanded of the defendants that they satisfy said assessment or release the said premises therefrom or execute an instrument further assuring the title against it; and the prayer for relief was in accordance with this demand. The defendants demurred to the complaint on the ground that it did not state facts sufficient to constitute a cause of action. The court at Special Term gave judgment upon the demurrer in favor of the plaintiffs.

*Francis Kernan* for the appellants. Defendants were authorized to cause the sewer to be constructed at their own expense, and could afterward assess the expense upon the property benefited, or its owners. (1 Hoffman's Laws New York city, 595, § 1; 597, § 6; 598, §§ 7, 8; 599, § 10, *et seq*; Laws 1865, 715, §§ 5, 6, 7.) The assessment upon the property was a charge thereon when plaintiffs' deed was executed, and defendants are estopped and bound to release plaintiffs from the assessment. (*Rundell* v. *Lakey*, 40 N. Y., 513; *Post* v. *Leet*, 8 Paige, 337; *Prescott* v. *Truman*, 4 Mass., 627; *Keene* v. *Towsley*, 45 Barb., 150.)

*E. Delafield Smith* for the respondents. Defendants' deed was given before the assessment for the sewer was laid, and it was not, therefore, a lien upon the property within the meaning of the covenant. (Laws 1853, chap. 579, § 6; Valentine's Laws, 1191, 1273; *Kerr* v. *Towsley*, 45 Barb., 150.)

LOTT, Ch. C. It is claimed by the respondents, and I think correctly, that the assessment in question was not a lien or incumbrance within the meaning of the *covenant* against charges, taxes, assessments and incumbrances in the deed executed by them to the grantors of the plaintiffs, on the 15th day of June, 1866, because it had not then been confirmed. No tax or assessment can exist until the amount thereof is ascertained or determined. (*Kern* v. *Towsley*, 45 Barb.,

150 ; *Post* v. *Leet,* 8 Paige, 337.) And the Law of 1853 (chap. 579, § 6) requires that in the city of New York assessments shall be entered as therein provided before they become liens. This was not done. I therefore agree with Ingraham, P. J., in the opinion delivered by him at General Term, on the reversal of the judgment rendered at Special Term, that there is nothing in the *covenants* in the defendants' deed, which required them "to give a new covenant against subsequent incumbrances," or that gave the plaintiffs a right to the relief demanded by their complaint, but I am, nevertheless, of opinion that the facts stated therein, and admitted by the demurrer, entitled them to such relief. It is alleged that the assessment was founded upon the expense of constructing a sewer in Fourth avenue, in pursuance of an act of the legislature, passed April 12, 1865 (chap. 381), that the said sewer was built under a contract awarded on or about the 23d day of October, 1865, and "was substantially finished and the expense thereof paid" by the defendants, "at the time of the execution and delivery of the said deed." Such payment was made under and in pursuance of the provisions of law which authorize the defendants, when a sewer is to be constructed and certain other work is to be done, for the benefit of several persons, to cause the same "to be executed and done at *their own expense, on account of the persons respectively upon whom the same may be assessed,*" by a just and equitable assessment thereof among the owners or occupants of all the houses and lots intended to be benefited thereby, in proportion, as nearly as may be, to the advantage which each shall be deemed to acquire, and the amount of every such expense which shall be paid by them is declared to be a real incumbrance upon such houses and lots. The sums so assessed, with lawful interest, may be collected either by distress and sale of the goods and chattels of the owners or occupants of the property assessed, by action against them in any court of record, or by the enforcement of the lien in the manner designated for that purpose. See Laws of 1865 (chap. 381) in connection with 2 Revised Laws of 1813 (p.

407, § 175, p. 446, §§ 270, 271); Laws of 1824 (chap. 49, § 1); *Wetmore* v. *Campbell,* (2 Sand., 6, § 341); *Paillet* v. *Youngs,* (4 Id., 50); *Manice* v. *The Mayor, etc.,* (4 Selden, 120).

The provisions to which I have referred contemplate the collection of assessments from *other parties* as owners or occupants of lands assessed, for the reimbursement of the expenses incurred and paid on their account by the defendants. The means provided for such collection show this. It would be absurd and idle to have a warrant issued to collect an assessment on the lands of the defendants, out of their own goods and chattels, or to sell such lands to obtain payment thereof, and the recovery of it by action would be impossible. They would occupy the anomalous relation of being both debtor to and creditor of themselves.

The preceding views show that, when the defendants sold and conveyed the property in question to the plaintiffs' grantors, no portion of the moneys that had been expended and paid by the defendants for the construction of the sewer could become payable or collectible thereafter out of such property, and it is fairly inferable that they received the enhanced value resulting to the premises from the improvement in the price paid them therefor.

It is alleged in the complaint that the said assessment was made *against the defendants* as owners of the property assessed, and that it was confirmed and entered against *them* as such owners, on the 5th day of October, 1866. Although they had then parted with the title thereto, they were, nevertheless, liable for the payment of the assessment, if a valid lien, and as the amount, when collected, would be payable to themselves, they never could have recourse for its satisfaction to a sale of the land. (See cases cited, *supra.*)

The plaintiffs were, under all the circumstances of the case, equitably entitled to a release and discharge by the defendants of all claim by them on the premises for or on account of such assessment, on the demand made of them to give it. Their refusal was unjust and inequitable, and the

Special Term properly ordered and adjudged that such release and discharge should be executed. The General Term, therefore, erred in reversing that judgment, and in directing the plaintiffs' complaint to be dismissed.

It follows that the judgment of the General Term must be reversed, and that of the Special Term must be affirmed, with costs, on both appeals.

EARL, C. It is not disputed by the counsel for the defendants, that this assessment creates an apparent lien upon the premises owned by the plaintiffs, and that the complaint states a cause of action if, upon the facts, the defendants ought to discharge or release the assessment. It is claimed, however, that the expense of constructing the sewer did not become a lien, charge or incumbrance upon the premises until the assessment was made and confirmed, and that as the assessment and confirmation were both subsequent to the date of defendants' deed, there was no breach of any covenant contained therein. I cannot doubt that this claim is without foundation. The sewer is alleged to have been constructed under chapter 381 of the Laws of 1865, in relation to sewerage and drainage in the city of New York. That act provides that the Croton Aqueduct Board shall have power over the sewerage of the city; that they shall first make the plans and then invite proposals and enter into contract for the work. And upon the completion of the work they are required to file, in the office of the board of assessors, a certified statement of the work done and the expense thereof, which expense is required to be assessed by the board of assessors upon the property benefited by the improvement, and the assessment is required to be laid and confirmed and collected in accordance with the laws relative to assessments in force in the city. By the laws relative to the city, the mayor, aldermen and commonalty, may pay the expense of improvement and then cause such expense to be assessed to reimburse the city, and every such expense " shall be a real incumbrance upon the houses and lots in respect to which

such assessment shall have been made." (Hoffman's Laws of New York city, 597, 598.) It is further provided that the assessment shall be confirmed, and that when confirmed, and not until then, it shall be binding and conclusive upon the owners and occupants of the lots and a lien or charge upon the lots. (Id., 602.) The contract for the construction of this sewer, was awarded October 23, 1865, and the work was substantially completed and the expense paid by the city before the deed was executed by the defendants. This expense was not in such a sense a lien upon the premises benefited, so that its collection could be enforced, until the assessment was made, confirmed and entered in the proper office.

But it was at the date of the deed in some sense an incumbrance, for the reason that by taking the subsequent steps required by the law, it could be enforced against the premises and no conveyance of the premises thereafter, and no act of the owners except payment, could defeat this incumbrance. The amount to be charged to these premises remained to be determined by the assessment according to the benefits received, and such amount was, at least from the time the expense was incurred, a charge and incumbrance upon the premises to be satisfied by a sale thereof in the mode prescribed by law, unless paid by the owner or occupant thereof. Hence it seems to me that there can be little dispute that there is a clear breach of the covenants in defendants' deed as to incumbrances and charges. This conclusion works out substantial justice between these parties. The improvement benefited these premises to the amount of the assessment, and it is fair to assume that it enhanced their price to that amount and that defendants' grantees paid this enhanced price. It would now be grossly unjust for the defendants to enforce this incumbrance in their own favor, and thus compel the grantees to pay for this improvement a second time.

In *Prescott* v. *Trueman* (4 Mass., 627), Chief Justice Parsons says that "every right to or interest in the land granted to the diminution of the value of the land, but consistent with the passing of the fee of it by the conveyance, must be

deemed in law an incumbrance. And that a paramount right which may wholly defeat the grantee's title, is an incumbrance;" and within these views here was clearly an incumbrance.

I am, therefore, of the opinion that the judgment of the General Term should be reversed, and that of the Special Term affirmed, with costs.

All concur with LOTT, Ch. C., except EARL, who dissents from that portion of the opinion of the former, holding that the expense of the sewer was not an incumbrance upon the premises at the time of the giving the deed, he concurring in the residue.

Judgment accordingly.