J. WATTS DE PEYSTER, Respondent, *v.* JOHN MURPHY, Appellant.

In pursuance of a contract made, November 5, 1870, plaintiff, deeded to defendant certain premises in the city of New York, December 5, 1870, with a covenant that they were free from all *charges*, assessments and incumbrances. An assessment against plaintiff upon the premises for a street improvement, was confirmed by the board of revision and cor-

rection of assessments, November 7, 1870, but the title of the assessment was not entered in the title-book of assessments, in the bureau of arrears, until December twenty-fourth. In an action to recover the assessment, *held* (RAPALLO, J., dissenting), that the provisions of the acts relating to the collection of arrears of assessments, etc., in the city of New York (§ 6, chap. 579, Laws of 1853; § 1, chap. 381, Laws of 1871), declaring that no assessment shall be deemed to be confirmed so as to be a lien on property included in it, until the title shall be entered in said title-book as prescribed, did not affect plaintiff's liability under the covenant; that the assessment was fairly embraced in its terms; and that plaintiff was bound to pay the same.

*Dowdney* v. *The Mayor* (54 N. Y., 186) distinguished.

(Argued April 14, 1876; decided May 23, 1876.)

Tнis action was brought to recover the amount of an assessment for a street improvement, paid by plaintiff upon premises deeded by plaintiff, in New York city, to defendant.

On the 3d November, 1870, plaintiff contracted to convey to defendant certain premises in the city of New York free of all incumbrances by warranty deed, with usual full covenants. The deed was delivered on the day specified; it contained a covenant that the premises "are free, clear, discharged and unincumbered of and from all former and other grants, titles, *charges*, estates, judgments, taxes, assessments, and incumbrances of what nature and kind soever," except as specified. It appeared subsequently that there was an assessment upon the premises for a street improvement, entered against plaintiff in the assessment list. The work for which the assessment was imposed was completed prior to May, 1870, and the assessment was confirmed by the board of revision and correction of assessments, November 7, 1870. The title of the assessment was not entered in the book of assessments in the bureau of arrears until December 24, 1870; plaintiff claimed that it did not, until that date, become a lien or charge within the covenant. Plaintiff paid the assessment under an agreement between the parties that plaintiff should pay, but that such payment should not affect the question of his liability, which liability might be legally determined, and if so determined, that plaintiff was not liable, that defendant would refund the amount with interest. This action was brought to

determine the question. It was claimed by plaintiff that under the provisions of the acts relating to the collection of arrears of assessments, etc., in the city of New York (§ 6 chap. 579, Laws of 1855; § 1, chap. 381, Laws of 1871), declaring that no assessment shall be deemed to be confirmed so as to be a lien on property included in it until the title of the assessment shall be entered in the title-book of assessments as prescribed by said statutes, the assessment was not a lien and so not within the covenant. *Held* (RAPALLO, J., dissenting), as above stated.

*John E. Parsons* for the appellant.

*Charles E. Crowell* for the respondent.

MILLER, J., reads for reversal and new trial; EARL, J., concurs; CHURCH, Ch. J., and ANDREWS, J., concur in result; ALLEN, J., does not vote; RAPALLO, J., dissents.

Judgment reversed.