WILLIAM L. SKIDMORE, as Receiver, etc., and as Special Guardian, etc., Plaintiff, v. JOSEPH HART, Defendant.

*Taxes in New York—when they become a lien—covenant for payment of.*

On March 30, 1875, certain premises in the city of New York were leased to the defendant for ten years from May 1, 1875, the latter agreeing, during the term of the lease, to pay and discharge all such assessments, extraordinary as well as ordinary, as should be levied, assessed, imposed or grow due and payable upon, out of or for the demised premises, and all parts thereof.

In New York the assessment rolls are open for examination from the second Monday in January to April thirtieth, and are returned to the board of supervisors on the first Monday of July in each year, and the amount of the tax is thereafter set down opposite to the items of real and personal property on the list. *Held,* that the tax for the year 1875 grew due and became payable after the commencement of the term and that the defendant was bound to pay the same.

Controversy submitted without action upon an agreed statement of facts.

The action was brought to recover the amount of a tax paid by the plaintiff upon certain premises leased to the defendant.

The plaintiff, on the 30th day of March, 1875, leased to Joseph Hart the lots of land and premises in the Twentieth ward of the city of New York, known as Nos. 545 and 547 Sixth avenue and two lots in the rear thereof ánd adjacent thereto in the center of the block, subject to the terms, conditions and covenants of the lease, for the term of ten years from the 1st day of May, 1875, for the annual rent of $8,500, which lease also contained the following covenant: "The said party of the second part, his heirs, executors,

administrators or assigns, shall and will, at his or their own proper costs and charges, bear, pay and discharge all such Croton water rents, and also such taxes and assessments, extraordinary as well as ordinary, as shall, during the term hereby granted, be levied, assessed, imposed or grow due and payable upon, out of or for the said demised premises and all parts thereof, as the same now exist or may hereafter be imposed, in accordance with the terms of this lease, by virtue of any present or future law of the United States of America, or of the State of New York, or of the corporation of the city and county of New York, or of either of them, or of any legal proceedings or lawful authority whatever, when and as the same shall become due and payable."

The said Joseph Hart entered upon, and took possession of, said premises under said lease on the 1st day of May, 1875, at twelve o'clock, noon, of that day and has ever since been, and now is, in possession of the same as the tenant thereof.

Pursuant to the laws relative to taxation in the city and county of New York the commissioners of taxes, upon the delivery of the assessment roll to them, published due notice thereof and the same was open for examination and correction from the second Monday in January, 1875, up to and including the 30th day of April, 1875 ; and during said period the said commissioners heard and determined any and every application, made by any person considering himself aggrieved by any assessed valuation of his real or personal estate, to have the same corrected. And after said last-mentioned date, and on the 1st day of May, 1875, the said commissioners prepared a copy thereof and on the 3d day of July, 1875, they certified, according to law, that the same was a copy of the corrected assessment roll of the Twentieth ward and delivered the same to the supervisors of the city and county of New York, who, thereupon, on the 22d day of July, 1875, fixed and determined the rate of taxation thereon, and confirmed the same and delivered the said corrected assessment roll to the receiver of taxes for the collection of the several sums therein named.

The plaintiff paid the tax assessed against the premises for that year, which sum, with interest thereon from the date of its payment, he now claims to recover.

*Francis N. Shepard,* for the plaintiff. The tax of 1875 did not exist at the time the lease to the defendant took effect. (Laws of 1859, chap. 678, § 12; *Van Rensselaer* v. *Whitbeck,* 7 N. Y., 521, 522; *Rundel* v. *Lakey,* 40 id., 517; *Westfall* v. *Preston,* 49 id., 353, 354.) The completion of the assessment roll before the lease took effect would have created no lien nor rendered plaintiff liable. The assessment roll forms the basis on which the tax is imposed. It is, in no sense, the imposition of a charge upon the land. (*Barlow* v. *St. Nicholas Nat. Bank,* 63 N. Y., 399.) The defendant did not contemplate the existence of a lien upon the land before the lease took effect by reason of the completion of the assessment roll. (*Kern* v. *Townsley,* 45 Barb., 150, approved; *Dowdney* v. *The Mayor, etc.,* 54 N. Y., 188; *Barlow* v. *St. Nicholas Nat. Bank, supra.*) The defendant in covenanting to pay taxes contemplated the payment of money, and the time when the tax accrued must be deemed to be when money became payable for it. (*Giles* v. *Austin,* 62 N. Y., 493.)

*H. P. Townsend,* for the defendant. At the time of the commencement of the term of the lease, the 1st day of May, 1875, the assessment, with respect to the premises embraced in the lease as against the owner or his representative, the plaintiff or the occupant thereof, had been judicially and conclusively determined and fixed. Such determination established the liability of such owner, plaintiff or occupant to pay said taxes whenever computed. (*Rundell* v. *Lakey,* 40 N. Y., 513; 1 R. S. [5th ed.], 913; Laws of 1859, chap. 302, § 11, p. 682.) It is the person of the owner, his representative or occupant of the land that is assessed, but the amount he is assessed is determined by the value of the land. Being occupied, or the owner or representative being a resident, the assessment must be against such occupant, owner or representative by name. (1 R. S. [5th ed.], 908, §§ 1, 2, 8, 9, 10; Laws of 1859, chap. 302, § 7, p. 680; *Whitney* v. *Thomas,* 23 N. Y., 285; *Rundell* v. *Lakey,* 40 id., 517; *Litchfield* v. *McComber,* 42 Barb., 295.)

BRADY, J.:

The defendant, by lease dated March 30, 1875, secured certain property for a term of ten years, commencing on the 1st of

May, 1875, and agreed, during the term demised, to bear, pay and discharge all such taxes and assessments, extraordinary as well as ordinary, as should be levied, assessed, imposed or grow due and payable upon, out of, or for, the demised premises and all parts thereof as the same then existed, or might thereafter be imposed in accordance with the terms of the lease, by virtue of any present or future law of the United States of America, or of the State of New York, or of the corporation of the city and county of New York, or either of them, or by other legal proceedings or lawful authority whatever, when and as the same should become due and payable.

The taxes for the year 1875 had not, on the first of May aforesaid, been determined. The obligation resting upon the land to discharge them or to incur the burden of a lien for the amount, so to speak, existed at the time the lease was executed, but they had not then been imposed, because the amount was not ascertained. They had not, therefore, been assessed ; they had not grown due and payable and could not be levied therefore out of the demised premises. The preliminaries to the collection of the taxes were not and could not be completed, until the action of the board of supervisors in the month of July following the commencement of the term when the rolls received from the assessors by the commissioners of taxes and assessments must be sent to the board of supervisors, a ceremony which takes place on the first Monday of July in each year (Laws of 1859, chap. 302, § 13). The supervisors are then required by law to place opposite to the several sums set down as the valuation of the real and personal property on the rolls, the respective sums in dollars and cents to be paid as a tax thereon, rejecting the fractions of a cent (Laws of 1850, chap. 121, § 25). It follows as a necessary sequence that the amount of the tax was unknown when the term began, and could not have been known until the month of July following. It would have been impossible, therefore, for the lessor to have paid them, or to have determined what the amount would be.

It seems to be quite apparent, that the taxes having thus been ascertained subsequent to the commencement of the term, they grew due and became payable after the term commenced, and were within the operation of the covenant on the part of the defendant,

and by which we have already seen he promised to discharge all taxes and assessments which should, during his term, be levied, assessed, imposed or grow due. The question thus discussed seems to be determined in favor of the plaintiff by two cases in the Court of Appeals. (*Dowdney et al.* v. *The Mayor*, 54 N. Y., 186 ; *Barlow et al.* v. *The St. Nicholas Bank*, 63 id., 399.) It was expressly held in the latter case that the entry of land in an assessment-roll did not constitute an incumbrance thereon, and the assessment or the subsequent levying of the taxes thereon was not a breach of covenant against incumbrances contained in the deed, executed after the completion of the assessment-roll and before the levying of the taxes, and it is said in that case that the assessment is the basis upon which the board of assessors act in apportioning the taxes, but it is in no sense imposed as a charge upon the land described in the roll. It is one of the preliminary steps which result in taxation.. It is further said in that case, and properly, that the roll when complete fixes the valuation of the property to be taxed, but it does not determine the amount of the taxes, and the most which can be claimed is, that it renders more definite and certain the liability to taxation which nevertheless existed before the assessment was made. The cases are analogous, but the covenant of the defendant is broader than the covenant against incumbrances, because it assumes the payment of all such taxes and assessments as shall be levied, assessed, imposed, grow due and become payable. The plaintiff, for these reason, is entitled to judgment.

DAVIS, P. J., and INGALLS, J., concurred.

Judgment ordered for the plaintiff.