TACIE McD. HARPER, Plaintiff, *v.* LELLIE DOWDNEY, as Administratrix, and PETER A. LALOR, as Administrator, etc., of ABRAHAM DOWDNEY, Defendants.

*When an assessment becomes a lien, so as to constitute a breach of a covenant against incumbrances.*

Although there may be some uncertainty, under the decisions, as to the precise time at which assessments become such a charge upon real estate as to constitute a breach of a covenant against incumbrances in a deed thereafter delivered, it seems to be well established that an assessment does not become such a charge until it has been at least legally ascertained and established.

*Held,* in this case, where the deed was delivered in April, 1883, and the work was completed in November, 1882, but no apportionment of the expense was made by the board of assessors until November, 1883, that no breach of any covenant in the deed was established.

*Dowdney* v. *The Mayor* (54 N. Y., 186) followed; *De Peyster* v. *Murphy* (66 id., 622) and *Post* v. *Leet* (8 Paige, 337) distinguished.

Submission of a controversy upon an agreed statement of facts, pursuant to section 1279 of the Code of Civil Procedure.

*Robert E. Deyo,* for the plaintiff.

*Morgan J. O'Brien,* for the defendants.

Van Brunt, P. J.:

The material facts are as follows: In March, 1883, the plaintiff entered into a contract with one Abraham Dowdney, for the purchase of a lot of land at the corner of Fourth avenue and Seventy-fifth street, in the city of New York. In April, 1883, the said Dowdney delivered to the plaintiff a deed containing general covenants of warranty and seizin of the premises contracted to be sold, duly executed, whereby he conveyed the same, subject only to a mortgage then upon said premises. In December, 1881, the board of aldermen of said city duly passed an ordinance that Fourth avenue be paved with granite block pavement between Seventy-second and Ninety-sixth streets, said work to be done at the expense of the city on account of the persons upon whom the same might be assessed. In pursuance of said ordinance, the work was done by contract and completed on the 10th day of November, 1882, and has ever since been in actual public use. In December, 1882, the

commissioner of public works certified in writing, to the board of assessors, the amount paid for the work, and that it had been completed and accepted by the department. In January, 1883, the contractor was paid in full for the work. In March, 1883, the comptroller of the city of New York certified to the board of assessors the amount of interest chargeable upon the several installments advanced pursuant to the terms of the contract. In November, 1883, an apportionment of the said expense for paving, upon the persons and property benefited, was made by the board of assessors, and the amount assessed upon the premises in question was $964.30. No assessment, however, was made against either plaintiff or said Dowdney as owners. In July, 1885, said assessment was confirmed and duly entered as provided by law. In September, 1887, the plaintiff paid to the city of New York the amount so assessed as aforesaid. The plaintiff, at the time of the delivery of the deed by Dowdney to her, had no notice of the matter connected with the authorization or doing of said work. Mr. Dowdney died on or about December 10, 1886, intestate, and the defendants were duly appointed administrator and administratrix of the estate.

The plaintiff now seeks to recover from the estate of said Dowdney the amount of the assessment so paid by her upon the ground that the facts as above stated constituted a breach of the covenants of the deed delivered by Dowdney to her. Although there may be some uncertainty under the decisions as to the precise time at which assessments became such a charge upon real estate as to constitute a breach of covenants against incumbrances in a deed thereafter delivered, it seems to be well established than an assessment does not become such a charge until such assessment has been at least legally ascertained and established. (*Dowdney* v. *The Mayor*, 54 N. Y., 186; *De Peyster* v. *Murphy*, 66 id., 622.) Applying this rule to the facts of the case under consideration, it will be seen that no breach of any covenant in the deed delivered is established. The deed in question was delivered in April, 1883. It is true that the work was completed in November, 1882, but no apportionment of the expense was made by the board of assessors until November, 1883, more than six months after the delivery of the deed, and such apportionment is the first act which in any way determines the amount which was chargeable against the real estate conveyed.

In the case of *Dowdney* v. *The Mayor* (54 N. Y., 186), upon a precisely similar state of facts, it was held that there was no breach of the covenant against incumbrances contained in the deed. In fact a different rule will necessarily produce endless confusion in the passage of titles. If the rule contended for prevailed, existence of proceedings to levy an assessment would practically prevent an owner of real estate from selling and conveying his property where it was liable to assessment for work done or being done, because until the amount of the assessment has been ascertained no court could decree specific performance of a contract of sale, as the amount to be deducted because of the work done or being done, which might in the future be assessed against the property in question, could not be ascertained.

The case of *De Peyster* v. *Murphy* (66 N. Y., 622) in no way supports the plaintiff's case and it clearly recognizes the rule laid down in *Dowdney* v. *The Mayor* (*supra*) as correct. The case of *De Peyster* v. *Murphy* only decided that where an assessment has been made and confirmed, although not so entered as to be a lien against the property so as to enable the city to sell and give title, it is nevertheless, a charge as between buyer and seller, and is very far from affirming the doctrine claimed in the case at bar, that before there had been any apportionment at all of the expense for work or ascertainment of the amount chargeable against the lot in question a charge exists as between buyer and seller.

The case of *Post* v. *Leet* (8 Paige, 337) is clearly distinguishable from the one at bar. That case was an action in equity to compel specific performance. The premises were sold at auction and the purchasers bid at the sale under a mistaken belief that an assessment for work completed long before had been confirmed and that they would hold their lots discharged therefrom and that they were not bound to take the property subject to the assessment for that improvement. Under these circumstances, as the assessment amounted to more than one-third of the bids the court held that it would be unjust and inequitable to compel them to take the property and pay the assessments. The parties were in a court of equity and the court, by its decree, simply refused to sanction iniquity. The court, having placed its decision upon the ground that it would be unjust and inequitable to compel the purchasers to take the property under

the circumstances, it is apparent that it was of the opinion that in law the purchaser could have no relief. If the court had intended to hold that the seller was bound at law to pay the assessment, they would have dismissed the bill against the defendant, as matter of right, and would not have refused the relief demanded because it would be inequitable to do so.

Some arguments used in the opinion of Mr. Justice MILLER in the case of *De Peyster* v. *Murphy* (*supra*) are referred to as supporting the plaintiff's claim, but it is evident that they were not intended to apply to anything but the facts of the case he was discussing.

Judgment for defendants must, therefore, be given.

BARTLETT and MACOMBER, JJ., concurred.

Judgment ordered for defendants.