Peter Amore, et al.
vs.   } No. 89844.
Giuseppe Falco, et al.

March 9, 1933.

CHURCHILL, J. Heard jury trial waived.

The action is assumpsit to recover for breach of warranty against encumbrances; for breach of a written contract to convey land free from encumbrances and to pay sewer and curbing assessments, assessed but not yet payable; and on an oral agreement to the same effect.

No questions of pleading or of forms of action were raised, the case being heard on its merits.

The defendants conveyed to the plaintiffs on October 3, 1931, by warranty deed containing the usual covenants.

The defendants admit liability for a sewer assessment of May 14, 1931, amounting with interest to $88.68.

It is undisputed that the work of curbing the land involved had been completed prior to the execution and delivery of the deed and it is equally undisputed that no assessment had been made against the abutting owner under the statutory procedure prior to that date, nor had the Board of Aldermen approved the report of the Commissioner of Public Works in the matter prior to that time.

The plaintiff contends that an encumbrance nevertheless existed within the meaning of the term at the time of delivery of the deed and cites:

> Blackie vs. Hudson, 117 Mass. 181;
> Dowdney vs. Mayor etc., of the City of New York, 54 N. Y. 186;
> and other authorities.

The point has been set at rest in this State, however, by the case of

> Bowers vs. Narragansett Real Estate Co., 28 R. I. 365,

which held that until the assessment has been made under the statute, no encumbrance is created.

The language of the contract to convey is so clear as to preclude argument. All the defendants bound themselves to do was to "pay * * * curbing assessments, assessed but not yet payable."

Decision for the plaintiffs for $88.68.

For plaintiff: Emilio D. Iannuccillo.

For defendant: John Di Libero.