METROPOLITAN LIFE INSURANCE COMPANY, Plaintiff, *v.* UNION TRUST COMPANY OF ROCHESTER and ABSTRACT TITLE AND MORTGAGE CORPORATION, Defendants.*

Supreme Court, Monroe County, August 19, 1938.

* See, also, 167 Misc. 262.

*John Van Voorhis' Sons* [*Eugene Van Voorhis* of counsel], for the plaintiff.

*Harris, Beach, Folger, Bacon & Keating* [*Kenneth B. Keating, Howard N. Woods* and *Keith D. Poland* of counsel], for the defendant Abstract Title and Mortgage Corporation.

WHEELER, J. The defendant Abstract Title and Mortgage Corporation has moved under rule 113 of the Rules of Civil Practice for summary judgment dismissing the complaint.

The complaint reveals that in the years 1929 and 1930, the plaintiff, Metropolitan Life Insurance Company, acquired by purchase 146 mortgages on separate parcels of real estate, consisting of houses and lots, located in various towns of Monroe county. Accompanying each of the mortgages was a policy of insurance executed by the defendant, and made directly to the plaintiff, insuring the title of the parcel of land covered by each mortgage.

It appears that some year or two prior to the issuance of the said policies, the various towns in question had completed certain street improvements in front of the premises, consisting of sewers, pavements and sidewalks, the cost of which had been met by the proceeds of bonds issued by the several towns, which bonds were to be paid by annual assessments upon the individual properties benefited, continuing over a period of years. These improvements were constructed, and the bonds to finance the same were issued pursuant to the appropriate sections of the Town Law.

The policies of insurance in each instance failed to disclose the fact that the street improvements were unpaid, or that future local assessments would become liens upon the properties in priority to the mortgages acquired. This action is to recover the damages which plaintiff claims it has suffered by reason of defendant's failure to make such disclosures.

The defendant has used two forms of title insurance policies, both of which were either suggested or approved by the plaintiff. Under one form of policy the defendant insured plaintiff against loss " by reason of the failure or unmarketability of, defects in, encumbrances upon, or liens or charges against the title * * * existing at or prior to the date of this policy, * * * and not accepted under ' Schedule B.' " The other policy insured against loss " by reason of unmarketability of the title, * * * any defect in, or lien or encumbrance on said title on the date hereof, * * * other than matters in ' Schedule B.' "

The plaintiff does not claim that the future assessments for these improvements were liens at the respective dates of the policies, but on the contrary it does contend that inasmuch as the improvements had been made, and the assessment for the expense thereof against each property finally confirmed from one to two years prior to the issuance of the policies of insurance, the provision for future payment thereof by annual assessment was both a charge and an incumbrance within the meaning of the use of those terms in these policies.

Frankly this court feels that there is much justification for plaintiff's contention. The defendant contracted to insure plaintiff, not only against liens, but also against incumbrances and charges. A cursory examination of the language used in the policies might well lead to the conclusion that these fixed assessments against the property should be considered as a charge or an incumbrance, as distinguished from a lien. However, the Court of Appeals, in interpreting a similar covenant in a title insurance policy, has held quite to the contrary. (*Mayers* v. *Van Schaick*, 268 N. Y. 320.)

The defendant insists that the *Van Schaick* case is an absolutely controlling precedent. After careful analysis this court has reluctantly come to the same conclusion. In the *Van Schaick* case the policy of insurance provided that the property was " Clear of all requirements, liens, encumbrances and defects." Prior to the issuance of the policy, the village board, pursuant to section 280 of the Village Law, had provided for local improvements to be paid in forty annual installments, and that the amount of assessments falling due in any year should be included in the annual tax, and become due with the general village tax. The cost of the project had been determined and apportioned upon the respective properties so assessed. The court held that such future unpaid installments did not constitute a present lien, requirement or incumbrance within the terms of the policy. The view of the court is expressed in the following language: " Title insurance operates to protect a purchaser or a mortgagee against defects in, or encumbrances on a title, existing at the date of such insurance. It is not prospective in its operation, and has no relation to liens or requirements arising thereafter. (*Trenton Potteries Co.* v. *Title Guarantee and Trust Co.*, 176 N. Y. 65, 72.) * * * It follows, we think, that Lawyers Title and Guarantee Company no more agreed with plaintiff to protect him against liability for the unpaid assessment in question, than it undertook to indemnify him for taxes to be levied against the premises after delivery of its certificate of title insurance."

In his dissenting opinion Judge FINCH expressed the view that "This defect in title need not amount to a lien to come within the terms of the certificate, which agrees to protect plaintiff against not only liens, but also against all requirements, defects and objections not noted in the policy by way of exception as not being insured against." The minority view thus expressed, is based upon the same reasoning which the plaintiff has adopted in the instant case.

Here it is claimed by the plaintiff that the use of the word "charges" broadens the meaning of the insuring clause so as to include incumbrances or other obligations not amounting to present liens. Of course this is contrary to the view adopted by the majority in the *Van Schaick* case, as there the court held that the language used had no "relation to liens or requirements arising thereafter." It seems to the court quite impossible to successfully distinguish the *Van Schaick* case. Of course the statute there involved (Village Law, § 280) is not the same as the provisions of the Town Law applicable to the case at bar, but, nevertheless, the main essentials are very similar.

The *Van Schaick* case appears to follow the decisions of the Court of Appeals in *Doonan* v. *Killilea* (222 N. Y. 399); *Trenton Potteries Co.* v. *Title Guarantee & Trust Co.* (176 id. 65), and *Real Estate Corporation* v. *Harper* (174 id. 123, 130). These cases are all cases of local assessments not liens at the date of the covenant involved, and the decision in each instance was that they were for that reason not incumbrances or charges within the meaning of the particular covenant sued on.

The plaintiff in support of its claim that an assessment becomes a charge or incumbrance against real estate from the time the amount of the assessment is finally determined and confirmed, irrespective of the time when a statutory lien is created, relies upon the earlier decisions of the Court of Appeals in *DePeyster* v. *Murphy* (66 N. Y. 622); *Lathers* v. *Keogh* (109 id. 583), and *McLaughlin* v. *Miller* (124 id. 510, 515).

The *DePeyster* case, which is approved but distinguished in *Lathers* v. *Keogh* (*supra*), unquestionably sustains plaintiff's position, as it was there held that in the case of a local improvement, payable in installments, the entire assessment becomes an incumbrance or charge as soon as the total amount is fixed or confirmed. The inconsistency existing between these older cases and the later decisions of the Court of Appeals is apparent. The inference is that they have been overruled.

As was stated in *Doonan* v. *Killilea* (*supra*), "The covenant against encumbrances operates *in præsenti*, and is broken the

instant it is made if an encumbrance exists, but unless the assessment is then an actual lien, the covenant is not broken. * * * So far as the opinion in *DePeyster* v. *Murphy* (66 N. Y. 622), on which the plaintiffs rely, states a different rule, it must yield to the later decision in the *Harper* case."

In view of the fact that the assessment does not become a lien, except as installments are annually levied, and since the assessments complained of were all levied, or are yet to be levied, after the dates of the policies sued on, they are not insured against.

The motion for summary judgment is granted, dismissing the complaint as against the defendant Abstract Title and Mortgage Corporation, with costs.

Enter order accordingly.