■ SEYMOUR K. CUMMINS et al., Respondents, v UNITED STATES LIFE TITLE INSURANCE COMPANY OF NEW YORK, Appellant.—Judgment, Supreme Court, New York County, entered on March 5, 1975, declaring that defendant is obligated under its policy of insurance to satisfy an assessment

against plaintiffs' property, affirmed, with respondents to recover $60 costs and disbursements of this appeal from appellant. Even if the enactment of Ordinance No. 757 of the City of Long Beach did not constitute a lien, it certainly was an encumbrance on the premises at the time when the defendant gave its title examination report and policy to plaintiffs, of which notice should have been given by the defendant to plaintiffs. Having failed to give such notice, defendant is properly held obligated to satisfy the assessment against plaintiffs' property resulting from the ordinance above mentioned. Concur—Markewich, J. P., Capozzoli, Lane and Nunez, JJ.; Tilzer, J., dissents in the following memorandum: Tilzer, J. (dissenting). I would reverse and grant judgment declaring that defendant is not obligated under the terms of the title policy to satisfy the assessment in issue. The policy insured "against all loss or damage * * * which the insured shall sustain by reason of any defect * * * of title * * * or by reason of unmarketability of * * * title * * * or by reason of liens or incumbrances affecting title at the date hereof". It is not urged that the assessment is either a defect of title or renders title unmarketable. Accordingly, there is coverage only if the assessment herein constituted a lien or encumbrance on or before the date of the issuance of the policy. I do not think that the assessment did constitute a lien or encumbrance as of that time. Although the subject resolution provided that the special assessment would be apportioned on or before September 7, 1965, and would constitute a lien against the parcels as of December 1, 1965, the assessment was not actually apportioned until after the date the title policy was issued. Indeed, it was not until December 7, 1971, that the resolution fixing the assessment was enacted, and the first notation on the assessment rolls relating to this assessment was not made until December 2, 1971. Accordingly, despite the language of the resolution, the assessment did not become a lien as of December 1, 1965 and could not become a lien until the assessment was actually apportioned. (See *People ex rel. Luther v McDermott,* 265 NY 47.) Indeed, the majority apparently recognizes that the assessment was not a lien as of December 1, 1965 but finds that "it certainly was an encumbrance on the premises at the time when the defendant gave its title examination report and policy to plaintiff". However, the majority in ascribing a larger meaning to the word "encumbrance" than the word "lien" rests upon a distinction without warrant in the law. It has been authoritatively stated that the word "encumbrance" is synonomous with the word "lien" *(Metropolitan Life Ins. Co. v Union Trust Co. of Rochester,* 283 NY 33). And indeed, it has been held that the words "encumbrances" or "liens" refer "not to inchoate assessments or other charges, but to legal liens fully matured." *(Doonan v Killilea,* 222 NY 399, 401.) Accordingly, I vote to reverse.