ARMSTRONG, Appellant, v. DARBY, Respondent.

1. The statutory covenant for further assurances implied in the words "grant, bargain and sell," embraces such encumbrances only as the vendor has control of; where the defect in the title can not be supplied by the vendor—as where there is an outstanding mortgage created by his grantor—such vendor can not be made liable on his covenant for further assurance.

*Appeal from St. Louis Land Court.*

This was an action to recover damages for an alleged breach of a covenant contained in a deed from John F. Darby, defendant, to the plaintiff, D. H. Armstrong, dated July 16, 1845. The petition set forth the deed from Darby *in hæc verba*, whereby, in consideration of $1200, he did "grant, bargain, sell and convey" to Armstrong certain real estate in St. Louis county. The petition alleges the payment of the consideration money and delivery of the deed, and that Armstrong immediately went into possession under said deed of the premises conveyed thereby. The petition also alleges that by reason of the words "grant, bargain and sell," contained in said deed, and by force of the statute in such case provided, the defendant, among other undertakings in and by his said deed, covenanted to and with the plaintiff that he, the said defendant, would at any and all times thereafter, at the request of the plaintiff, and at the cost of the defendant,

make and execute any and every other deed or assurance in the law for the more effectual confirming the premises and the conveyance of the said land in said deed described to the plaintiff that he should or might devise, advise or require; and that he, the defendant, would remove and pay off and discharge any encumbrance or encumbrances on said land whenever requested or required by the plaintiff so to do. The petition also states an encumbrance upon the property— being a deed of trust or mortgage duly recorded, made by Darby's grantor, to secure a debt, which existed and was not paid off or satisfied at the time Darby made his said deed to Armstrong. The petition also states that judicial proceedings were instituted to foreclose said mortgage, to which both Darby and Armstrong were made parties, and which resulted in a judgment of foreclosure and order of sale of the premises to satisfy the debt; that defendant was requested by plaintiff to pay off and discharge said encumbrance, which defendant neglected and refused to do, and that the plaintiff was forced and obliged to pay off and discharge, and he did pay off and discharge the same in order to protect his title and possession.

The defendant demurred to this petition. The court sustained the demurrer.

*Krum & Harding* and *B. A. Hill*, for appellant.

I. The word "further assurances" in the statute, in their technical sense, as well as by their general meaning, are sufficiently comprehensive to include a covenant on the part of the grantor to indemnify and save harmless the grantee in the deed against any encumbrance on the land at the time of making the deed. This is the gist of the undertaking of Darby as stated in the petition; for a covenant to procure a release or discharge of an existing encumbrance practically is nothing but a covenant of indemnity against, as much so as a covenant of warranty is a covenant for quiet enjoyment. (2 Black. Com. 294; Platt on Covenants, 341; 6 Anne, ch. 35, sec. 30; Geyer's Dig. 127; R. C. 1825, p. 217; King v.

Jones, 5 Taunt. 414, 427.) It is clear that Darby undertook to convey a good title; he undertook to confirm the enjoyment of the premises to plaintiff. He covenanted to do " all further acts," &c., that should be necessary and practicable in order to accomplish this end. Has he performed his undertaking? The removal of the encumbrance in question was a necessary act to be performed to prevent the appellant from being disturbed in his possession and enjoyment. (13 N. H. 167.) Every undertaking expressed in the forms generally used for covenants of further assurance is contemplated and understood to be included in the respondent's obligation in the deed in question; he was, consequently, in law and duty bound on request of his grantee to procure the release of the encumbrance stated in the petition. (See Collier v. Gamble, 10 Mo. 467; id. 460; Dickson v. Desire's adm'r, 23 Mo. 161.) The covenants set out in the petition being contained in the deed, the breaches are well stated.

*Gantt*, for respondent.

I. There was no breach of the covenant of further assurance. When a man covenants for further assurance he covenants to give such other deeds or to go through such other forms as will vest in the covenantee all such title as may be in him at the time of the original conveyance or as may afterwards come to him; and it would seem that if by levying a fine or suffering a recovery he can convey or effect the conveyance of an interest outstanding in his wife, he is by this covenant bound to do it. But this is the extent of his liability under the covenant; for he is not bound to suffer a recovery which may bind his issue in tail or him in remainder. (See Platt on Covenants, 344.) The remark made by Heath, justice, in King v. Jones, 5 Taunt. 427, was merely *obiter*. It does not appear in the report of the same case in 1 Marsh. 107. But it is plain that the judge must have meant such judgments or encumbrances only as were held by the covenantor, and which therefore he could control and release by deed. He could not be compelled to buy in an encum-

brance or outstanding title by virtue of this covenant. (Platt on Cov. 343 ; Taylor v. Debar, 1 Ch. Cas. 274 ; 2 Sugd. on Vend. 766 ; Smith v. Earl of Jersey, 2 Brod. & Bing. 598, 611 ; Howard v. Ducane, 1 Turn. & Rus. 86 ; 3 Russ. 432.) The covenant described in the petition is *not* the covenant for further assurance ; nor is any breach of the covenant for further assurance shown in the petition.

NAPTON, Judge, delivered the opinion of the court.

The question in this case is, whether our statutory covenant for further assurance obliges the vendor to remove an outstanding encumbrance. This covenant is substantially a covenant that the vendor will, at the request and cost of the vendee, perform all " acts, deeds, conveyances and assurances," either by fine, recovery or other form of assurance, which may be wanting to the confirmation of the vendee's title. (Platt on Covenant, p. 341 ; Rawle, 203.) In King v. Jones, 4 Taunt. 418, Mr. Justice Heath said : " Under this covenant the heir might call for further assurances, even to levy a fine ; he certainly might have called for the removal of a judgment or other encumbrance." The commentators seem to have adopted this observation in King v. Jones. Platt says : " The levying a fine is included under a covenant to do all lawful and reasonable acts for further assurance. The removal of a judgment or other encumbrance may likewise be called for." (Platt on Cov. 344.) Rawle says : " In considering what acts may be reasonably required under this covenant, the purchaser may, as of course, require a fine to be levied, or a judgment or other encumbrance to removed." Sugden says, " Under a covenant for further assurance, a purchaser may of course require the removal of a judgment or other encumbrance."

All these writers refer to King v. Jones as the authority upon which these remarks are based. It is further stated by Platt in his treatise, that this covenant operates as well to secure the performance of all acts for supplying any defect

in the title of the vendor as to remove all objections to the sufficiency and security of the instrument of conveyance to the vendee. Such language as this is very comprehensive. Sir Edward Sugden says, in the same chapter we have quoted from above, in speaking of the covenant for further assurance, " If the title prove bad, *and the defect can be supplied by the vendor*, the purchaser may file a bill in equity for a specific performance of the covenant for further assurance ; and a vendor who has sold a bad title will, under a covenant for further assurance, be compellable to convey any title which he may have acquired since the conveyance, although he actually purchased such title for a valuable consideration." This expression of Sugden, to which he gives stress by italicising the words, may furnish an explanation to Mr. Justice Heath's declaration of the law in King v. Jones, and which has been adopted without explanation by the text writers. If the defect in the vendor's title can be supplied by a conveyance from him, the covenant for further assurance would clearly protect the vendee. But if the covenant for further assurance, as intimated by Platt, applies to any defect of title in the vendor, whether such defect can be supplied by the vendor or not, it is greatly more comprehensive than any other covenant for title, and may be said to render most of them totally superfluous. Why insert a covenant against encumbrances, if the covenant for further assurance requires the vendor to buy up an outstanding mortgage or judgment and convey to the purchaser ? Of what avail is the covenant of indefeasible seizin, if all encumbrances must be removed under the convenant for further assurance ?

The protection furnished a purchaser by the covenants of seizin and against encumbrances are known to be imperfect, and insufficient in many cases to secure him against the actual damage resulting from their breach, by reason of the restrictions which courts have imposed upon the measure of damages. Why should these covenants ever have been resorted to, if the covenant for further assurance would furnish an equally satisfactory remedy at law for its breach and

a greatly more efficient protection in equity by an action for its specific performance ? The doctrine of Mr. Justice Heath and the writers who have followed him must be understood in a qualified sense to reconcile it with the practice and understanding of the profession. The judgments and other encumbrances to which they allude must be understood to be such as the vendor has control of.

The judgment of the land court is affirmed; the other judges concurring.