KOENIG *et al., Appellants*, v. BRANSON.

1. **Deed**: STATUTORY COVENANT. The words "grant," "bargain," "sell," when employed in a conveyance are only to be construed as a statutory covenant of warranty against incumbrances done or suffered by the grantor or any person claiming under him, and do not extend to outstanding incumbrances over which the grantor in the given deed has no control. But see R. S. 1879, § 675.

2. ———: COVENANT OF WARRANTY. A covenant in a deed to "warrant and defend the title to the premises conveyed against the claim of every person whomsoever," is not a covenant "against any and all incumbrances."

*Appeal from Phelps Circuit Court.*—HON. V. B. HILL, Judge.

AFFIRMED.

This was an action upon covenants in a deed. The

petition contained two counts.   The first averred the execution of a deed by defendant Branson to plaintiffs, containing the statutory words "grant, bargain and sell," and averred the making of the covenants thereby implied, and averred as a breach of these covenants that there was, at the date of the execution of the deed, an incumbrance on the property, in the nature of a deed of trust, dated October 2nd, 1872, from Joseph Peters, the grantor of defendant, to A. Emory, for $396.   The second count was substantially the same as the first, except that it averred an express covenant in the deed against any and all incumbrances.   The plaintiffs offered in evidence a deed, conveying the property from defendant to plaintiffs, which conveyance contained the words "grant, bargain and sell," and the further covenant "to warrant and defend the title to the premises thereby conveyed against the claim of every person whomsoever."   To the introduction of this deed defendant objected.   The court sustained the objection. Plaintiffs took a non-suit, and after an unsuccessful motion to set the same aside, appealed to this court.

*W. C. Kelly* for appellants.

*L. F. Parker* for respondent.

SHERWOOD, C. J.—The words "grant," "bargain," "sell," when employed in a conveyance, are only to be construed as a statutory covenant of warranty against "incumbrances done or suffered by the grantor, or any person claiming under him," and do not extend to outstanding incumbrances over which the grantor in the given conveyance has no control. *Armstrong v. Darby*, 26 Mo. 517; *Clore v. Graham*, 64 Mo. 249.   For this reason, the first count in the petition stated no cause of action; and the deed offered in evidence to sustain the second count, did not have that effect.   Therefore, judgment affirmed.   All concur.