OTTO LUTHER, Appellant, v. JAMES S. BROWN, Respondent.

St. Louis Court of Appeals, April 7, 1896.

1. **Pleading**: ACTION ON COVENANTS IN DEED: NEW MATTER IN ANSWER. In an action on covenants in a deed the answer alleged the existence of good title in the defendant at the time of the conveyance. *Held*, that the allegation was but an argumentative denial of the allegations of the petition, and in no sense new matter.

2. **Deeds**: COVENANTS IMPLIED BY USE OF TERMS, GRANT, BARGAIN AND SELL. An invalid claim does not constitute an incumbrance within the meaning of any of the covenants implied from the use of the terms, "grant, bargain, and sell," in a deed, unless it be the covenant for further assurance, and that covenant relates only to defects which can be supplied by the vendor himself.

*Appeal from the Audrain Circuit Court.*—HON. E. M. HUGHES, Judge.

REVERSED AND REMANDED.

*John M. Barker* for appellant.

*George Robertson* for respondent.

ROMBAUER, P. J.—The action is one to recover damages for the breach of covenants in a deed. The trial court at the close of plaintiff's evidence instructed the jury to find a verdict for the defendant, which they did. From a judgment entered upon this verdict the plaintiff appeals, and assigns for error that, upon the uncontroverted facts, judgment should have been for him.

The facts stated in the plaintiff's petition, and shown upon the trial, were as follows: In November, 1887, the defendant conveyed to the plaintiff certain lands in Audrain county for a stated consideration of $6,720. The deed contained the statutory covenants implied in the words "grant, bargain, and sell," and also a covenant of general warranty. At the date of the conveyance the lands were incumbered by mortgage in the shape of a deed of trust to the amount of $4,000 and interest, the incumbrance being one which was suffered by the grantor, and which was not mentioned in the deed. This incumbrance the plaintiff paid off prior to the institution of this suit, and the defendant reimbursed him by giving him credit for the amount thus paid on a debt due from him to the defendant.

There was also at the date of the conveyance a cloud upon the title, and the plaintiff was put to some expense in removing it. The damages sought to be recovered were expenses incurred by the plaintiff in removing this cloud, and expenses necessarily incurred owing to the incumbrance of $4,000 above mentioned.

As the existence of the $4,000 incumbrance upon the land at the date of the conveyance was conceded, and as this incumbrance was one which was covered by the covenants of the deed, it is difficult to perceive on what theory the court instructed the jury to find for the defendant. The existence of the incumbrance was a breach of two of the statutory covenants, and the fact, that the defendant thereafter gave to the plaintiff credit for the amount he had paid to extinguish the incumbrance, could in no way deprive the plaintiff of the right to recover nominal damages at least, in the absence of evidence that the subsequent arrangement was equivalent to an accord and satisfaction of *all* damages caused to the covenantee by the breach. There is no evidence in the record that the parties so treated the subsequent arrangement. There is evidence, however, from which it is inferable that the plaintiff did suffer some substantial damages owing to the existence and continuance of this incumbrance.

The instruction of the court is seemingly sought to be vindicated by the respondent, on the ground that he was entitled to judgment under the pleadings. The answer contains the averment that the deed conveyed good title to the land, and that the plaintiff remained in its possession undisturbed by anyone. The defendant claims that this averment is new matter, and that, not having been replied to, its truth it admitted. The averment, that the deed conveyed good title, is at most an argumentative denial of the facts stated in plaintiff's petition, and is in no sense new matter.

The fact that the plaintiff remained in possession of the premises conveyed, undisturbed by anyone, is no defense to the action, and hence that averment called for no reply.

A more serious question arises on the second branch of the case. There was substantial evidence tending to show that defendant at the date of the conveyance had no perfect record title to the land conveyed, owing to a defect in his chain of title, and also substantial evidence that, owing to this defect, the value of the title acquired by the plaintiff from defendant was materially impaired. The plaintiff called upon the defendant and requested him to remedy this defect, and the defendant attempted to do so by obtaining quitclaim deeds from some of the apparent owners, but not from all. The plaintiff, being embarrassed by this condition of the title, thereupon brought an action in equity against the apparent owners to remove the cloud from the title, and was successful in the action, and seeks in this action to recover the costs and expenses incurred by him in that action.

While it is well settled that any claim which impairs the use of an estate in land or prevents or impairs its transfer is an incumbrance, yet to constitute an incumbrance within the meaning of the covenant against incumbrances such claim must be a valid claim. It is only such claims that are within the purview of any of the implied covenants, unless it be the covenant for further assurance. Hence the fact, that, at the date of the conveyance, there was an apparent title outstanding in others, can furnish no cause of action to the plaintiff on the covenant against incumbrances, since all the evidence concedes that such apparent claim or title was not valid, and that the defendant had the title to the land when he conveyed it. Nor has the plaintiff shown a right of recovery under the covenant for

further assurance, since under the limitations imposed upon the meaning of that covenant in *Armstrong v. Darby*, 26 Mo. 517, it relates to defects only which can be supplied by the vendor himself.

We must conclude, therefore, that the expenses incurred by the plaintiff in the suit to remove the cloud from his title are not recoverable in this action under either of the covenants in defendant's deed. He was, however, entitled to recover at least nominal damages for the breach of the covenant against incumbrances, owing to the incumbrance of $4,000 upon the land at the date of the delivery of the deed, and the evidence furnishes some warrant even for the recovery of substantial damages on that account. The court, therefore, erred in instructing the jury to find for the defendant.

All the judges concurring, the judgment is reversed and the cause remanded.