JOSEPH A. DUFFY, Respondent, v. FIDELIO C. SHARP, Appellant.

St. Louis Court of Appeals, January 18, 1898.

1. **Covenant Against Incumbrances**: CONSTRUCTION. The right of a mechanic to file a lien, existing at the time of a conveyance, is an incumbrance within the meaning of a covenant against incumbrances; and a grantor in making such a covenant contracts to indemnify the grantee against such contingent liability.

2. ———: BREACH: PLEADINGS. In an action for breach of covenant against incumbrances, where the petition averred that defendant was a party in two lien suits in which judgments were rendered and paid by plaintiff, which averment was admitted by the answer, it was unnecessary for plaintiff to introduce any evidence in respect to such suits or the judgments on the liens; but in respect to that portion of the recovery based on payments made on a judgment in another action to which defendant was not a party, the assignment was not well taken.

*Appeal from the St. Louis City Circuit Court.*—HON. PEMBROOK R. FLITCRAFT, Judge.

AFFIRMED conditionally on remission of part of judgment; otherwise cause to be reversed and remanded.

*Seddon & Blair* and *Fidelio C. Sharp* for appellant.

The existence of a mere right to file a mechanic's lien, which the mechanic may or may not, at his option, perfect, is no breach of the covenant against incumbrances. *Russell v. Grant*, 122 Mo. 161; *Griswold v. R. R.*, 18 Mo. App. 52; *Brown v. R. R.*, 36 *Id.*

438; *Erath v. Allen*, 54 *Id.* 587.    See, also, *Blondeau v. Sheridan*, 81 Mo. 545; *Buren v. Hubbell*, 54 Mo. App. 617; *Walker v. Deaver*, 79 Mo. 664; *Taylor v. Priest*, 21 Mo. App. 688.

To show that a judgment is binding to establish a lien, the party who is owner at the institution of the suit, or his privy, must be made a party to represent the property in the suit.    The plaintiff was the owner of the property at that time, and the parties defendants in these mechanic lien suits were not his privies. *Russell v. Grant, supra.*

*M. Kinealy* and *F. A. C. MacManus* for respondent.

On the trial the defendant admitted by his answer the validity of each of the liens, that the suits described in the petition had been brought against several named parties, and others unnamed; also that the court adjudged the lien claims to be valid and subsisting liens on the property described in the petition, and adjudged that it should be sold to satisfy those liens.    On this state of the record this court is bound to presume conclusively that the court had jurisdiction to render these judgments, and had before it all the parties necessary to render them valid and binding. *Dingee v. Kearney*, 2 Mo. App. 515; *Huxley v. Harold*, 62 Mo. 516; *St. Louis v. Lanagan*, 97 *Id.* 179; *Adams v. Cowles*, 95 *Id.* 509.

A mechanic's lien is an incumbrance. *Dyer v. Ladomus*, 2 Del. Co. Rep. 422; *Redmon v. Ins. Co.*, 51 Wis. 293; Maupin on Mark. Tit. 288; 1 Jones on Conv., sec. 855; *Taylor v. Priest*, 26 Mo. App. 695; *Priest v. Devor*, 22 *Id.* 276; *Douglass v. Zinc Co.*, 56 Mo. 388; *O'Brien v. Hanson*, 9 Mo. App. 545.

The claim that the date August 16, 1892, was

later than the date of Mr. Sharp's deed, and therefore he did not own the property when the suit was brought is entitled to no weight. A stated date is only *prima facie* correct in the absence of inconsistent or rebutting facts. 1 Rice on Ev. 238.

It was unnecessary for the petition to allege that Mr. Duffy was a party to the judgment. But even had such an allegation been necessary, the petition is good after verdict. R. S. 1889, sec. 2113, clause 9, p. 55.

APPELLANT'S REPLY.

Estoppel *in pais* must be pleaded in this state. *Barnes v. Marshall*, 75 Mo. 527; *Noble v. Blount*, 77 *Id*. 235, 242; *Hammerslough v. Cheatham*, 84 *Id*. 13. *Redmond v. Ins. Co.*, 51 Wis., and *Dyer v. Ladonius*, 2 Del. Co. Rep., cited in respondent's brief are not applicable here. There had been in the first case a lien perfected at the date of the warrantor's deed. *Redmond v. Ins. Co.*, 51 Wis. 292.

RESPONDENT'S RESPONSE.

Even an estoppel by deed or record may be given in evidence without any prior pleading, if the matter against which the estoppel is invoked be brought before the court at such time, or in such manner, that the party invoking the estoppel has not had opportunity to plead it. *Howard v. Mitchell*, 14 Mass. 243; *Gans v. Ins. Co.*, 43 Wis. 115; *Gilbert v. Thompson*, 9 Cush. 348; Big. on Estop. 698, citations, note 3.

BIGGS, J.—The statute provides that in all conveyances of land in which an estate of inheritances in fee simple is limited, the words "grant, bargain and sell," shall, unless expressly restrained, be construed

to be the following expressed covenants on the part of the grantor, etc.: *"First,* that the grantor was at the time of the execution of such conveyance, seized of an indefeasible estate in fee simple in the real estate thereby granted; *second,* that such real estate was at the time of the execution of such conveyance, free from incumbrance done or suffered by the grantor *or any person under whom he claims; third,* for further assurances of such real estate to be made by the grantor and his heirs to the grantee and his heirs and assigns." (R. S. 1889, sec. 2402.) On the thirty-first day of March, 1892, the defendant conveyed to plaintiff certain real estate situated in the city of St. Louis. The deed contained the words "grant, bargain and sell" without words of limitation. The present action is to recover damages for three alleged breaches of the second above named covenant.

In support of the first breach the petition alleges that the Paulus and Williamson Architectural Company (hereinafter designated as the architectural company) was a former owner of the land; that the defendant claimed title to the land through it; that while owning the land the architectural company contracted with the Eau Claire Lumber Company for certain lumber to be used in the construction of a building to be erected on the premises, and that prior to the conveyance to plaintiff the lumber was so used; that afterward a suit was instituted by the Eau Claire Lumber Company to enforce a mechanic's lien against the property for the price of the lumber so furnished; that the architectural company, the defendant Sharp and one W. S. Lefferty, a former owner of the land, were joined as defendants; that in said suit a judgment was rendered for $1,619.60 in favor of the plaintiff therein, and the judgment was declared to be a lien upon the premises, and that to protect the property from sale

the plaintiff herein was compelled to pay and did pay on account of this judgment the sum of $887.15.

As to the second breach it was averred that one August R. Shultz performed work and furnished materials for the same building; that Shultz made his contract for the work and materials with the architectural company, while the latter was the owner of the premises; that on the sixteenth day of August, 1892, Shultz brought suit against the architectural company and the defendant Sharp to enforce a mechanic's lien against the premises for the amount due him under said contract; that on the twenty-fifth day of April, 1893, a judgment was rendered in the action for $392.71 and for the cost of suit, and that on the eighth day of May, 1894, the plaintiff paid $497.40 in satisfaction of this judgment.

The third breach was on account of an action by the Ringen Stove Company to enforce a mechanic's lien against the same property. It is stated in the petition that this action was begun on the eighteenth day of August, 1892; that the Architectural Company, W. E. Lefferty *"and others"* were made defendants therein; that on March 20, 1894, judgment was entered in favor of the Ringen Stove Company for $1,210.53 and enforcing the lien, and that subsequently the plaintiff herein was compelled to pay the following amounts on account of said judgment, to wit, May 28, 1894, $321.05; August —, 1894, $318.96.

The answer admits the execution of the deed and "that said liens and judgments were filed and judgments were rendered at the times and for the amounts alleged."

Relying on the admissions in the answer, the plaintiff introduced no evidence as to the mechanic's liens of the judgments thereon. His evidence was directed

solely to the amounts paid by him in satisfaction of the judgments.

At the close of the plaintiff's evidence the defendant demurred because neither the pleadings nor the evidence showed a cause of action. The overruling of this demurrer is assigned for error. Under the instructions the jury returned a verdict for the sum of $2,325.54, being the full amount sued for with interest. The defendant has appealed. It is conceded, although it does not definitely appear either from the pleadings or the evidence, that the mechanic's liens referred to were filed after the conveyance to plaintiff. The position of counsel for defendant is that the mere right to file a lien is not an existing incumbrance, and that under a proper construction *existing incumbrances of record* only are included in the statutory covenant against incumbrances. Hence the argument is that there were no breaches of the covenant in the defendant's deed, and for this reason the instruction for nonsuit ought to have been given. Prior to 1879 the statute provided that under the second covenant the grantor contracted that the land was free from incumbrances, "done or suffered by the grantor *or any person claiming under him.*"

*COVENANT against incumbrances: construction.*

In the revision of 1879 the statute was amended so as to make the grantor responsible for incumbrances, done or suffered *"by any person under whom he claims."* In construing the old statute the court decided that this statutory covenant did not warrant against a deed of trust or other act done by the grantor's grantor. *Koenig v. Brown,* 73 Mo. 634; *Glore v. Graham,* 64 Mo. 249. It was to remedy this injustice that the statute was amended. The covenant under the present statute is substantially the covenant against incumbrances as it exists at common law, and we agree with

VOL. 73 app—21

counsel that it was not intended by the legislature in
making the amendment to increase the common law
liability resting upon such covenants. The question
then is, what is an incumbrance within the meaning of
the law? Mr. Jones, in his work on the law of real
property, says that an incumbrance, within the meaning
of the covenant, "is any interest in a third person, con-
sistent with a title in fee in the grantee, if such out-
standing interest injuriously affects the value of the
property. It is not necessarily a lien, specific or deter-
minable in amount." Jones on Law of Real Prop.,
sec. 852. In the case of *Redman v. Ins. Co.*, 51 Wis.
293, it was said: "A covenant against incumbrances
in a conveyance of land is a guaranty against the ex-
istence of any charge upon it which will compel the
grantee to pay money to retain the land." Maupin,
in his work on marketable titles, page 287, says: "A
pecuniary charge or lien upon granted premises exist-
ing at the time of the conveyance constitutes a breach
of the covenant against incumbrances." The supreme
court of Massachusetts, in the case of *Shearer v. Ran-
ger*, 22 Pick. 447, decided that the usual covenant in
deeds of conveyance against incumbrances "extends
to all adverse claims and liens on the estate conveyed,
whereby the same may be defeated, wholly or in part,
whether the claims or liens be uncertain and contingent
or otherwise."

Under these authorities we think it reasonably
clear that the right of a mechanic to file a lien at the
time a conveyance is made, is an incumbrance within
the meaning of a covenant against incumbrances. It
is urged against this that until the lien paper is filed
the claim is a mere possibility and too remote and un-
certain to be taken into account by the law. And fur-
ther that until the lien papers are filed it could not be
said that the incumbrances were known to the defend-

ant or that they existed within the meaning of the law. Both arguments are answered in the cases of *Shearer v. Ranger, supra,* and *Lafferty v. Milligan,* 165 Pa. St. 534. In the *Shearer* case the supreme court of Massachusetts decided that an inchoate right of dower was an incumbrance amounting to a breach of the covenant against incumbrances, and that the covenantee could immediately sue for the breach, but the recovery would be confined to nominal damages. The court held that such a covenant "ought to be *liberally construed* so as to extend to all claims and liens whether contingent or not." * * * "Thus the beneficial interest which a mortgagee has in an estate mortgaged for the purpose of securing him against future liabilities or for future advances is uncertain and contingent, but such a mortgage is undoubtedly an incumbrance. And so is an attachment, although depending on many contingencies."

In the *Lafferty* case the incumbrance was a contingent liability. At the time the deed was made the premises were subject to a contingent assignment for street improvements. The law under which the work had been done had been declared unconstitutional. There had been a curative act passed, which was afterward held to be valid. This decision was delivered after the conveyance. It was contended by the defendant that this contingent liability was not an incumbrance for the reason that at the time the deed was made it could not be known whether the property could be assessed or not, and hence there could not have been an action at once on the covenant. The defense was disallowed. The court held that at the time of the execution of the deed the contingent liability was a known incumbrance for the reason that it was evident that the improvement had been recently made and that it was known that the city had apparent authority to make the assess-

ment.  The fact that the exact amount of the burden could not then be ascertained, was regarded by the court as having no legal significance.  So in the present case the defendant, at the time he made the conveyance, may not have had actual notice that claims against the buildings were unpaid, but he did know that the houses had been recently constructed and that liens for materials furnished or work done thereon could be filed within six months after the completion of the work.  Therefore it is but reasonable to hold that in making the covenant against incumbrances he contracted to indemnify the plaintiff against such contingent liabilities.  This conclusion is reached by a liberal construction, which we think is the true rule. We therefore conclude that this ground of nonsuit is not well taken.

The second ground of nonsuit is that the evidence was insufficient to warrant the judgment.  As heretofore stated, the plaintiff introduced no evidence as to liens or judgments.  In respect to these COVENANT against incumbrances: matters, reliance was placed on the admisbreach: pleadings.  sions in the answer.  The petition only averred that certain suits were instituted to enforce mechanics' liens against the property and that judgments were rendered thereon enforcing the liens.  It was charged that Sharp was made a party defendant in two of the actions, to wit, the *Eau Claire Lumber Company* case and the *Shultz* case.  It was neither averred nor proved that he was a party to the action brought by the Ringen Stove Company.  The admission in the answer was that the suits were instituted and the judgments rendered "as alleged in the petition."  It is now insisted that the plaintiff was not compelled to pay the judgments and that his evidence was insufficient in that it did not show that the judgments were based on valid liens, or that the suits

thereon were brought within the time prescribed by the statute. In a legal sense the plaintiff *was* compelled to pay the judgments, although his rights were not necessarily concluded by them, since he was not a party to the actions. Upon the face of the record his title was subordinate to the judgments, hence he was not compelled to await a sale under the judgments and take his chances in a contest with the purchaser, but he had the right to pay off the judgments and sue for his reimbursement. But in such an action the burden would be on him to show, except as to persons who were parties to the lien suits, that the judgments were rendered on valid liens and that the actions to enforce the liens were brought within the time required by law. As herein before stated the petition averred that the defendant Sharp was a party defendant in two of the lien suits. The answer admits this averment. Under the pleadings it was unnecessary for the plaintiff to introduce any evidence in respect of these lien suits or the judgments thereon. The defendant was a party to the suits, and as to him all matters in support of the validity of the judgment must be conclusively presumed, that is, that the liens were valid, that the suits enforcing them were brought in time, and that the amounts recovered were justly due. It follows that as to these judgments the second ground of defendant's demurrer is not well taken. But in respect to that portion of the recovery which is based on payments made on the judgment in favor of the Ringen Stove Company, the assignment is well taken, and will be sustained. The defendant was not a party to that action. We estimate that the recovery on account of payments made on the judgment of the Ringen Stove Company amounted to $738.40. If the plaintiff will, within ten days after the filing of this opinion, remit that amount,

the judgment will be affirmed for the residue.   If the remittitur is not made, the judgment will be reversed and the cause remanded.   All the judges concur.