PETER AMORE *et al. vs.* GIUSEPPE FALCO *et al.*

DECEMBER 13, 1933.

PRESENT: Stearns, C. J., Rathbun, Sweeney, Murdock, and Hahn, JJ.

RATHBUN, J.   Although the pleadings are somewhat informal—of which fact no point has been made—this case is an action for breach of covenant against encumbrances. The declaration contains other counts in assumpsit.   The parties entered into a written agreement whereby the defendants agreed to sell and the plaintiffs agreed to purchase certain real estate located at the junction of Manton and Chalkstone avenues in the city of Providence.   Thereafter, in accordance with the agreement, on October 9, 1931, the property was conveyed by warranty deed.   To retain title to the property the plaintiffs were required to pay a sewer assessment amounting, with interest, to $86.68 and a curbing assessment of $198.41, plus interest.   The case was heard by a justice of the Superior Court, sitting without a jury, who found that the sewer assessment was actually made and was a lien upon the property at the time of the conveyance and gave decision for plaintiffs for the amount of the sewer assessment plus interest.

It appearing that, although the curbing had been set before the conveyance, no assessment for the cost had been made, said justice, relying upon *Bowers* v. *Narragansett Real Estate Co.*, 28 R. I. 365, ruled that, as no lien had been established by making an assessment for the curbing, the plaintiffs could not recover the amount expended to free the property from the assessment made after the time of the

conveyance. The case is here on the plaintiffs' exception to this decision denying recovery for said amount.

Sections 28, 29 and 30 of Chapter 96, General Laws 1923, provide for ordering and for setting and collecting the cost of curbing. Said sections are as follows:

"Sec. 28. Whenever any highway is graded, or the grade thereof is changed, the town council may order sidewalks therein to be established, and such sidewalks to be curbed, upon like notice to the abutting proprietors of lands as is provided in the preceding section.

"Sec. 29. Whenever any highway shall be graded, and sidewalks established therein, and such sidewalks shall be ordered to be curbed as is hereinbefore provided, the owners of land abutting on such sidewalks shall pay the cost of the curbstones to be set against their respective lands.

"Sec. 30. Such costs shall be ascertained by the surveyor of highways, and be by him submitted to and be approved by the said town council, and then the surveyor of highways shall demand the same of such abutting owner, and if such owner shall neglect or refuse to pay the same, such surveyor of highways shall certify the costs so ascertained and approved, to the assessors of taxes for the said town, and the assessors shall include the said costs of said curbstones, which sum shall be included in the next assessment of taxes for such town against such land or the owner thereof."

The reasons assigned for the decision in *Bowers* v. *Narragansett Real Estate Co.*, *supra*, are sufficiently broad to be controlling in the case at bar. However, we cannot approve of the general rule impliedly laid down in that case. Whether the decision can be supported on other grounds we do not decide. The facts in the case before us differ from

those in the *Bowers* case. In that case, although the improvement had been ordered, the work had not been commenced at the time of the conveyance. In the case before us the curbing had not only been ordered set but the work had been completed when the conveyance was made.

There are authorities holding that, even if the curbing had been not only duly ordered but completely set, the adjoining property is not incumbered until the assessment, constituting a lien upon the property, has been made. We think this line of authorities is erroneous in assuming that a charge against property cannot constitute an incumbrance until a lien for the claim has been established. Reason and the weight of authority are opposed to such theory.

Maupin in his work on marketable titles, at p. 310, states that: "A pecuniary charge or lien upon the granted premises, existing at the time of the conveyance, constitutes a breach of the covenant against incumbrances."

In Jones on Law of Real Property, Sec. 852, it is stated that an incumbrance "is any interest in a third person consistent with a title in fee in the grantee, if such outstanding interest injuriously affects the value of the property. It is not necessarily a lien, specific or determinable in amount." See also Rawle on Covenants For Title, 5th ed. § 75.

In *Shearer* v. *Ranger*, 22 Pick. 447 and *Lafferty* v. *Milligan*, 165 Pa. St. 534, it was held that claims or liens, whereby the estate may be defeated in whole or in part, even when uncertain and contingent, constituted incumbrances.

In *Dowdney* v. *New York*, 54 N. Y. 186, it appears that the statute as well as the facts involved were substantially the same as the statute and facts under consideration in this case. The court, at p. 192, said: "But it was . . . an incumbrance, for the reason that by taking the subsequent steps required by the law it could be enforced against the premises and no conveyance of the premises thereafter, and no act of the owners except payment, could defeat this incumbrance. The amount to be charged to these premises

remained to be determined by the assessment according to the benefits received, and such amount was, at least from the time the expense was incurred, a charge and incumbrance upon the premises . . . Hence . . . there is a clear breach of the covenants . . ."

In *Boothe* v. *Wyatt*, 183 Pac. (Utah) 323, it appears that after the conveyance a mechanic's lien was placed upon the land for lumber delivered before the time of the conveyance. Held that the claim for lumber constituted an incumbrance at the time of the conveyance.

There is a line of cases holding that the abutting real estate is incumbered as soon as the improvement is duly ordered to be made. See *Blackie* v. *Hudson*, 117 Mass. 181; *Cotting* v. *Commonwealth*, 205 Mass. 523.

Whatever may be the law governing such facts—and it is unnecessary, as well as improper, to decide more than is involved in the case before us—we have no doubt as to the correctness of the rule that abutting land is incumbered as soon as the curbing is set after having been duly ordered set by the competent body. 72 Am. L. R. 312; *Carr* v. *Dooley*, 119 Mass. 294; *Lindsay* v. *Eastwood*, 72 Mich. 336; *De Arment* v. *Kennedy*, 14 Pa. Super. 539; *Kirkpatrick* v. *Pearce*, 107 Ind. 520; *Lafferty* v. *Milligan, supra; Green* v. *Tidball*, 26 Wash. 338; *Hartshorn* v. *Cleveland*, 52 N. J. L. 473; *Duffy* v. *Sharp*, 73 Mo. App. 316.

The plaintiffs' exception is sustained. The defendants may, if they shall see fit, appear on December 20, 1933, and show cause, if any they have, why the case should not be remitted to the Superior Court with direction to enter judgment for the plaintiffs for $88.68, the amount of the sewer assessment, plus $198.41, the amount of the assessment for curbing, plus interest from July 1, 1932.

*Emilio D. Iannuccillo*, for plaintiffs.

*John Di Libero*, for defendants.