## INGALLS v. COOKE.

1. **Covenants:** MORTGAGOR: TAXES. A mortgagor is not liable on the covenant of general warranty in his mortgage for taxes assessed after the execution of the mortgage; and while the mortgagee may, before foreclosure pay such taxes to protect his security and recover the amounts so paid, with his debt, in foreclosure, the right to recover the same against the mortgagor after foreclosure and sale is doubted. COLE, J., dissenting.

2. —— WHEN MORTGAGOR REPURCHASES AFTER FORECLOSURE. When a mortgagor executed with the mortgage covenants of general warranty, after which taxes upon the property which were not paid at foreclosure; and the mortgagee became the purchaser at foreclosure, after which he conveyed the property to the mortgagor, by deed containing covenants of general warranty, the taxes still remaining unpaid. It was held, that the mortgagor could recover against the mortgagee for a breach of the covenant. COLE, J., dissenting.

*Appeal from Warren District Court.*

FRIDAY, DECEMBER 21.

THE plaintiff's case is this: In May, 1864, the defendant conveyed to him by deed with covenants of warranty, for a valuable consideration, a tract of land therein described, on which the taxes for the year 1857, amounting, with interest thereon, to $20.58, were unpaid, and which the plaintiff was required and did pay, to recover which this his suit is brought upon the covenant of warranty in his deed and a subsequent verbal promise to pay the same.

The following makes the defendant's case: That in November, 1856, the plaintiff and his brother, O. M. Ingalls, were the joint owners of the same lot of land; that on the 22d of that month they mortgaged the same

to defendant and his father, P. S. Cooke, which mortgage contained a covenant of warranty, and was foreclosed in December, 1857, and a sheriff's deed made to defendant; that the taxes referred to, paid by plaintiff, were assessed in the year 1857, when the plaintiff and his brother, O. M. Ingalls, were the owners of the property; that all of the above are ultimate facts found by the court at the trial.

The court also found, that at the time defendant made the deed to plaintiff, he told plaintiff all back taxes had been paid, and that at that time he did not know that there were taxes in arrear on the lot unpaid. The plaintiff, discovering this fact, after he had received the deed, called defendant's attention thereto; and defendant said he would pay them, but in doing so supposed plaintiff had reference to taxes assessed against the lot after defendant had purchased it at sheriff's sale.

Upon these facts, the court found for the plaintiff; and the defendant, excepting, appeals.

*P. Gad Bryan* for the appellant.

*C. C. Nourse* for the appellee.

LOWE, Ch. J.—The defendant's liability, under the covenants of his deed, is fixed by the authority of the case of

1. COVENANTS: mortgagor: taxes.

*Funck* v. *Creswell,* 5 Iowa, 62, unless the facts found by the court below take it out of the rule therein laid down.

The defendant insists that the facts are such as to have that effect. Is this so?

In the first place, we suppose that the covenant of warranty contained in the mortgage from plaintiff and brother to defendant and brother is limited in its legal effect to the condition of the title prior to and at the date of the

mortgage, and that, by no legal intendment, can it be made to extend to and cover incumbrances accruing subsequent thereto, except it be in virtue of some express stipulation to that effect. *Hutchins* v. *Moody*, 30 Ver., 657; *Jackson* v. *Sapamon*, 29 Penn., 109. In this case there was no such agreement. The tax in question, which rested as an incumbrance on the land at the date of the foreclosure, accrued, it is true, whilst the relation of mortgagor and mortgagee existed between the parties, and was a charge upon the land paramount in its nature to the mortgage lien, and at that time was due from and payable by the mortgagor to the State and county. But he failed to respond to this obligation, and the tax remained a charge upon the land at the date of the foreclosure and the sale thereunder. It was quite competent for the mortgagee to have paid the tax, and, in his petition of foreclosure, to have had the same added to his mortgage claim, and its payment provided for out of the mortgaged premises; but this was neglected.

In legal contemplation, however, the mortgagee had constructive notice of the existence of the tax then unpaid, and in buying at the foreclosure sale, took the property subject to the right of the State to make the amount out of the land, and subject to the chance that this might be done. That is, as the tax was to contain a lien on the property in his hands, it may be supposed, as the prior lien is a tax, and nothing to the contrary appearing, that he regulated his bid and purchased thereof with reference to that fact. Now, if the mortgagee, who was the purchaser in this case at the foreclosure sale, should pay this tax to free his property from the incumbrances, would a right of action exist in his favor against the mortgagor for the same? We answer that it would, perhaps, if the mortgage itself contained a covenant of warranty that covered it, and the tax was assessed prior to its date.

But, in this case, although the mortgage contained such a covenant, the tax accrued subsequent to its date, and, therefore, as we have seen, the covenant cannot be said to be broken. Nor, under the circumstances of this case, are we prepared to hold that the purchaser, at the foreclosure sale, independent of a covenant to that effect, could, upon general principles of law, if he had paid the tax himself after such purchase, recover the same by suit against the mortgagor; because, as we have before suggested, it may be presumed, nothing to the contrary appearing, that he purchased with reference to this paramount tax lien, and the same entered into and formed a part of the consideration of the purchase.

Now, if this is so, and he subsequently sells the property to the mortgagor for a full consideration, with a

2. —— when mortgagor repurchases. covenant that the same is free from all incumbrances, we ask upon what principle shall he claim immunity from his broken covenant? Ordinarily in the sale of land, the possibility that the title may fail or be incumbered is a consideration that enters into the views of both contracting parties. If the purchaser assumes the risk, he accepts the deed without covenants, and receives his equivalent in the diminution of the price, as the defendant in this case did when he purchased at sheriff's sale. If, however, the purchaser does not wish to assume the risk, he will protect himself by covenants as the plaintiff did in this case when he bought of the defendant. Now, when the very thing occurs the hazard of which the defendant or vendor took upon himself, and for which he has received an equivalent, it would be eminently unfair to allow him to escape the responsibility of his broken covenant, and throw upon the plaintiff or purchaser, the very loss which his deed shows he had declined to assume. Such a course would not only be unjust, but it would be making for the parties a new con-.

tract, which the courts ought never to do, or rather perhaps it would be relieving the defendant in this case, without any adequate reason in law from the effects of a covenant fairly and deliberately made. Feeling it, therefore, the safer course to hold the parties to their contract, we will affirm the judgment below.

Affirmed.

Cole, J., *dissenting.*—I do not concur in the foregoing opinion, but have not the time or space to state at length my reasons for my dissent. I can only state briefly, that the plaintiff, Ingalls, as the mortgagor of the real estate in controversy to the defendant, Cooke, became bound by the common law and equitable rule, and certainly by our statute (Revision, § 714; Code of 1851, § 458), to pay the taxes upon the mortgaged property until foreclosure sale. This is conceded in the majority opinion, and cannot be questioned. The fact that there were two mortgagors and two mortgagees, while this controversy is between only one of each, does not affect the question, because each is liable for and to the extent of the joint obligation of himself and co-mortgagor and co-mortgagee.

Now, even if it be conceded that the defendant *is liable* on his *covenant* to the plaintiff in this action, it is also true that the plaintiff is liable for the same amount to the defendant, upon his (the plaintiff's) and his co-mortgagor's obligation, to pay the taxes which constitute the incumbrance upon the property, and the breach of covenant complained of and sued for. To avoid circuity of action, this defendant would be entitled to set up this obligation of plaintiff as a counter claim, or to show that if the plaintiff recovers of him, he may by his suit recover of plaintiff for the same thing, and thereby defeat the action. This he has done, and no judgment should have been rendered against him.

But there is a clear and, by the authorities, unquestioned ground of defense, and it is this : that in case of a reconveyance to the vendor by a purchaser from or under him, such purchaser's general covenants, notwithstanding they are general, are nevertheless limited to defects or incumbrances erected by himself, and not to those of the vendor, or any prior to him in the chain of title. *Kellogg* v. *Wood*, 4 Paige Ch., 614 ; *Cole* v. *Lee*, 30 Maine, 39 ; Rawle on Covenants for Titles, 459, 525. In this case the plaintiff, Ingalls, was the vendor and grantor of the defendant, who was the purchaser from him ; and under the rule just stated his covenants to his vendor are limited to incumbrances made or suffered by himself, and do not extend to the incumbrances made or suffered by his vendor, the plaintiff. But we have seen that the incumbrance in controversy was made or *suffered* by the plaintiff, the vendor. The defendant, therefore, is not liable to him for the amount paid to discharge it. In my opinion the judgment ought to be

Reversed.