GEORGE CEMANSKY v. HENRY A. FITCH, Appellant.

Special Assessments: WHEN LIENS ON ABUTTING PROPERTY. A
1   special assessment for the construction of a sidewalk becomes
    a lien on abutting property upon filing with the county aud-
    itor a copy of the record of the city council directing the con-
    struction of the walk, as provided in Code, section 816.

Covenant Against Incumbrances: WHAT INCLUDES.    A covenant
2    in a deed against incumbrances is a covenant *in præsenti* and
does not include a charge for street improvements, the statu-
tory lien for which has not attached, nor is it covered by a
covenant to defend against "lawful claims" which are not
at the date of the deed established liens.

*Appeal from Woodbury District Court.*—HON. WILLIAM
HUTCHINSON, Judge.

SATURDAY, OCTOBER 10, 1903.

ACTION for damages resulting from an alleged breach
of the covenants contained in a warranty deed.    From
judgment against him, the defendant appeals.—*Reversed.*

*Hubbard & Burgess* for appellant.

*Shull & Farnsworth* for appellee.

LADD, J.—The defendant was owner of lot nine of
block seven in Sioux City, and on the 22d day of January,
1900, conveyed it to the plaintiff by warranty deed, coven-
anting perfect title, "free and clear of all liens and incum-
brances," and "to warrant and defend the title to said
premises against the lawful claims of all persons whom-
soever."    Prior thereto, in September, 1899, the city
council had ordered the construction of a cement sidewalk
in front of the lot, and, as the owner did not build it, had
caused it to be constructed in November of that year.    In
August following, the council assessed the cost against the
lot, and a transcript of the entire proceedings, duly certi-
fied by the city clerk, was filed with the county auditor.
Such cost was duly entered on the books of the auditor
and treasurer as a tax against the premises.    The defend-
ant having refused to satisfy the same, the plaintiff paid
the amount assessed, being $98.38, including interest and
penalties.    The defendant demurred to a petition stating

these facts.     The court held that they established a
breach of the covenants contained in the deed, and ren-
dered judgment accordingly.

It is to be noted that the sidewalk had been con-
structed about two months before the execution of the
deed, but that the certified transcript of the proceedings
was not filed until about seven months after-
wards.     The regularity of the proceedings is
not questioned, and the sole issue to be de-
termined is whether liability for the cost of the improve-
ment attached to the lot prior to the execution of the deed.

1. SPECIAL
assessments:
when liens on
abutting
property.

Special assessments do not become liens save as so
made by statutory authority.  *Eagle Mfg. Co. v. City of
Davenport*, 101 Iowa, 493.     Formerly they became such
when the work began.     To obviate the difficulty of de-
termining by parol evidence precisely when this happened,
and in order to indicate the attachment by an appropriate
record, section 816 of the Code was enacted, pointing out
how and when the cost of such an improvement might be
made a lien on the abutting property: "After a contract
has been made by any city for the making or reconstruc-
tion of any street improvement or sewer, the clerk shall
file with the auditor of the county, or each of the counties,
in which said city is situated, a written or printed copy of
the notice of the resolution provided for, with a true copy
of the proof of publication thereof, together with a certifi-
cate of the clerk that an ordinance or resolution has been
adopted directing the making or reconstruction of said
street improvement or sewer.     Thereupon all special taxes
for the cost thereof, or any part of said cost, which are to
be assessed or levied against real property, or any railway
or street railway, together with all interest and penalties
on all of said assessments, shall become and remain a lien
on such property from the date of the filing of said papers
with the county auditor until paid, and shall have preced-
ence over all other liens except ordinary taxes, which shall

not be divested by any judicial sale; but such liens for
street improvements in case of abutting property shall not
cover to exceed one hundred and fifty feet in depth from
the abutting line.    Any such assessment against a railway
or street railway shall be a first and paramount lien upon
track thereof within the limits of the city."

Doubtless, if the improvement were never  actually
made   the   proposed  lien  would  fail,  but  if,  after
being contracted for, the work is completed, it will attach,
and relate to the date of  filing with the county auditor  a
copy of the notice of  the  resolution  of  the  city  council,
with a true copy of  the  proof  of  publication  of  notice
thereof, and a certificate  of  the  clerk  that a resolution or
ordinance  was  adopted  directing  the  improvement.    In
other words, upon proof of record in  the  auditors's  office
that everything preliminary to the  actual  construction  of
a sidewalk .has been done in conformity to  law,  the  lien
for the costs immediately attaches, and it does  not attach
until then, even though the walk may have been built long
before.    Why?    Because the statute so provides, and it is
conclusive.    By fixing the time, it impliedly declares the
lien does not attach previously.    The  counsel  did  not
assess the cost of this walk until  August 17, 1900, and the
certificates were not filed until September  22d  following.
Nothing had been done before the execution  of  the  deed
to make the claim against, or a lien or incumbrance upon,
the lot, and the terms of the statute exclude the idea that
the lien could then have existed. *Cadmus v. Fagan*, 47 N.
J. Err. & App. 549 (4 Atl. Rep. 325); *Eagle Mfg. Co. v.
City of Davenport, supra.*    Surely prior to assessment by
the city council it was not a tax against the  land, and, if
not, then it could not amount to an incumbrance thereon,
2.  COVENANT         *Ingalls v. Cooke*, 21 Iowa, 560.    But the
  against in-
  cumbrances:   statute fixes the filing of proper proof with
  what included the auditor, rather than making of the assess-
ment, as the time the lien shall attach, and  prior  thereto

it did not constitute an incumbrance such as contemplated by the covenants contained in the deed. *Tull v. Royston*, 30 Kan. 617 (2 Pac. Rep. 866); *Eagle Mrg. Co. v. City of Davenport, supra.* See *Harper v. Dowdney*, 113 N. Y. 644 (21 N. E. Rep. 63); 8 Am. & Eng. Ency. of Law, 127.

But appellee argues that the right to have the cost of the sidewalk established as a lien was an incumbrance, or, at least, a "lawful claim,"against the property. An incumbrance is "any right to, or interest in, land which may subsist in third persons to the diminution in value of the land, though consistent with the passing of the fee by a deed of conveyance." But a mere possibility of establishing a right to, or interest in, land is not within this definition. The covenant against liens and incumbrances is a covenant *in præsenti*, and does not relate to those which may thereafter attach. If broken at all, it is broken when the conveyance is executed. *Ingalls v. Cooke*, 21 Iowa, 560; *Barlow v. Bank*, 63 N. Y. 399 (20 Am. Rep. 547). That an assessment may be levied and an incumbrance subsequently created by following the statutory provisions does not amount to a present incumbrance. *Cadmus v. Fagan, supra.*

Appellee further argues that the cost was at least a claim against the property, and therefore within "the covenant to warrant and defend the title to the said premises against the lawful claims of all persons whomsoever." But the "lawful claims" contemplated are those to the title conveyed, and not to mere charges, which may or may not be established as liens thereon. Jones on Real Property, sections 892, 893; *Meservey v. Snell*, 94 Iowa, 222; *Leddy v. Enos*, 6 Wash. 247 (33 Pac. Rep. 508, 34 Pac. Rep. 665); *Zabriskie v. Baudendistel*, (N. J. Ch.) 20 Atl. Rep. 163.

One of the objects of the Legislature in defining precisely when the lien for street improvements attach to the abutting property must have been the determination of

the liability therefor as between grantor and grantee in such a deed, and we perceive no reason for not giving the statute full effect.—REVERSED.