EVENING STAR LODGE, No. 43, A. F. & A. M., Appellee, v.
C. A. ROBBINS, Executor, Appellant.

**VENDOR AND PURCHASER:** Remedies of Purchaser—Deducting Paving Tax From Price—Re-assessment for Deficiency. A grantor who has contracted that his grantee may deduct an identified paving assessment from the agreed purchase price, must, if such deduction is made in an amount equal to the assessment as it stood at the time of actual conveyance, reimburse the grantee for the amount subsequently paid in discharge of an assessment to meet a *deficiency.* Section 836, Code Supplement, 1913.

*Appeal from Madison District Court.*—J. H. APPLEGATE and W. H. FAHEY, Judges

, MONDAY, MARCH 12, 1917.

S. D. ALEXANDER was owner of the north two thirds of Lot 5 in Block 17 in Winterset, and, on November 7, 1911, by his attorney in fact, contracted to convey it to Cornell, McMillan and Bertholf, acting for the plaintiff, for the consideration of $1,000 in cash and $7,000 upon the conveyance of the property, to be made after December 1st of the same year. By the terms of the contract, the purchasers might take the property subject to the paving tax, and deduct the amount thereof from the deferred payment. An abstract showing a good, merchantable title was to be furnished at the time of settlement, "clear of all taxes or liens of every character, including tax of 1911," and the conveyance was to be by warranty deed. Such a deed was executed to plaintiff, but the warranty excepted "the taxes of 1911 and paving tax, which the grantee agrees and assumes to pay as a part of the purchase money." But $227.02 was then assessed as paving tax against the property, and this sum was deducted from the purchase price. An appeal from the assessment against property belonging to the county resulted in its reduction $3,691.44. *Madison County v. City of Winterset,* 164 Iowa 223. Owing to this, it was necessary for the city council to re-assess and levy an additional amount against the premises—that is, increase the assessment—and this was done July 28, 1914. The additional amount was $306.56, with interest from June 11, 1914, and plaintiff paid the same. To a claim reciting these facts, filed against the executor of Alexander's estate, the executor demurred on several grounds; but the demurrer was overruled, and, as the executor elected to stand on the ruling,

the court established the claim against the estate. The executor appeals.—*Affirmed.*

*Robbins & Smith,* for appellant.

*Jno. A. & W. T. Guiher,* for appellee.

LADD, J.—By the terms of the contract
entered into November 7, 1911, in behalf of
plaintiff and decedent, the latter undertook
to convey the north two thirds of Lot 5 in
Block 17 of Winterset to the former, upon
payment of a consideration of $8,000. Decedent agreed to furnish an abstract showing a good, merchantable title "to the time of final settlement hereunder, clear of all taxes or liens of every character, including tax of 1911." Another provision was that, if plaintiff so elected, it might "take said property subject to paving tax, and in that event the amount thereof is to be deducted from the $7,000" deferred payment. A warranty deed was executed December 1, 1911, in pursuance of the contract, with covenant as follows:

VENDOR AND PURCHASER : remedies of purchaser : deducting paving tax from price : reassessment for deficiency.

"And I hereby covenant with the said Evening Star Lodge No. 43, A. F. & A. M., that I hold said premises by good and perfect title; that I have good right and lawful authority to sell and convey the same; that they are free and clear .of liens and incumbrances whatsoever, except the taxes of 1911 and the paving tax, which grantee agrees and assumes to pay as a part of the purchase price."

Payment of the consideration was completed September 7, 1912. Prior to the making of the contract, July 21, 1911, the city council of Winterset had adopted a resolution of necessity for paving the street adjoining and west of the premises, and thereafter, under said resolution, such street was paved, and there was levied and assessed against the said property by the said city of Winterset, by its said city council, as its proportionate share of the cost of such im-

provement, the sum of $227.02, and thereafter the same was duly certified to the proper officers of said Madison County, Iowa, as provided by law, and the same was then placed upon the tax records of said county, and became and was a lien against said premises from said 21st day of July, 1911.

Only the above amount was deducted from the purchase price. Thereafter, the assessment against the county was so reduced as that, upon re-assessment, the additional sum of $306.50 was levied against the north two thirds of the lot, in pursuance of Section 836, Code Supplement, 1913, providing that:

"When by reason of nonconformity to any law or ordinance, or by reason of any omission, informality or irregularity, any special tax or assessment hereafter levied is invalid, or is adjudged illegal, or in case of deficiencies, the council shall have the power to correct the same by resolution or ordinance, and may reassess and relevy the same,. as also an amount to make up such deficiencies, with the same force and effect as if done at the proper time, in the proper amount, and in the manner provided by law or by the resolution or ordinance relating thereto."

The plaintiff paid this additional assessment and is seeking to recover the same. The contract in pursuance of which the deed was executed contemplated the payment of the paving tax—not merely a part of it—by the vendor; for therein it was stipulated that, "if second party so elects, they may take said property subject to paving tax, and in that event the amount thereof is to be deducted from the $7,000 (deferred payment)." The vendee so elected, and the warranty contained in the deed excepts "the taxes of 1911 and the paving tax, which grantee agrees and assumes to pay as a part of the purchase price." The vendee has performed this obligation, but the assessment levied in 1914, declared by statute to have been of "the same force and ef-

fect as if done at the proper time," has not been deducted from the purchase price, because that previously had been paid. The claim is not based on a breach of warranty contained in the deed, as seems to be assumed by appellant, for the paving tax was expressly excepted therefrom, but upon the condition inserted in the deed in pursuance of the contract that the vendee pay the same, and that the tax so paid be deducted from the price stipulated. The paving tax is fully identified as that for the improvement inaugurated prior to the execution of the contract of purchase, and, in view of the undertaking, it is quite immaterial whether a lien therefor attached. See *Cemansky v. Fitch,* 121 Iowa 186. The plaintiff undertook to pay it; and decedent, that the amount so paid should be deducted from the purchase price. The latter was fully paid, under the supposition that the entire paving tax had been satisfied. This proved to be a mistake, fallen into owing to reliance on the assessments as originally made by the officers of the city. The subsequent correction of these by an assessment as of the time of that originally made, and of the same force and effect, exacted an additional payment by plaintiff, and, as this might not be repaid by taking it from the purchase price, decedent, had he been alive, must have returned such portion of the purchase price, and his estate was rightly adjudged liable therefor.—*Affirmed.*

GAYNOR, C. J., EVANS and SALINGER, JJ., concur.