CHAUNCEY M. MAYERS, Appellant, *v.* GEORGE S. VAN
SCHAICK, as Superintendent of Insurance of the State
of New York, Respondent.

(Argued April 30, 1935; decided July 11, 1935.)

*Leopold K. Simon* and *Ralph S. Goodman* for appellant. The assessment became a lien when it was completed and confirmed. (Cons. Laws, ch. 64, §§ 113, 116, 280; *Lathers* v. *Keogh*, 109 N. Y. 583; *Burr* v. *Palmer*, 53 App. Div. 358.) The existence of the assessment was a risk against which the title company agreed to insure and respondent is liable to appellant in the amount thereof. (*Empire Development Co.* v. *Title Guarantee & Trust Co.*, 225 N. Y. 53; *755 Seventh Ave. Corp.* v. *Carroll*, 266 N. Y. 157.) The measure of appellant's damages is either the amount of the assessment or the difference between the value of the property subject to the assessment and free from it. (*Murphy* v. *U. S. Title & Guaranty Co.*, 104 Misc. Rep. 607; *Empire Development Co.* v. *Title Guarantee & Trust Co.*, 225 N. Y. 53; *755 Seventh Ave. Corp.* v. *Carroll*, 266 N. Y. 157.) The agreement of the title company was to insure against the existence of any and all liens and incumbrances not noted in its certificate. (*Clarkson* v. *Western Assur. Co.*, 92 Hun, 527; *Hay* v. *Star Fire Ins. Co.*, 77 W. M. 235.)

*Jess H. Rosenberg, Joseph J. Corn, Jr., Irving H. Jurow* and *Harry Rodwin* for respondent. The assessment did not create a lien upon the property. (*McNamara* v. *City of Rochester*, 124 Misc. Rep. 229; *Real Estate Corp.* v. *Harper*, 174 N. Y. 123; *Matter of Sobol* v. *Common Council*, 233 App. Div. 158.) Defendant is not liable under the express terms of the policy to which plaintiff's certificate is subject. (*De Grove* v. *Metropolitan Ins. Co.*, 61 N. Y. 594; *Lipman* v. *Niagara Fire Ins. Co.*, 121 N. Y. 454; *Karelsen* v. *Sun Fire Office of London*, 122 N. Y. 545.)

LOUGHRAN, J. On May 8, 1928, the Board of Trustees of the village of Scarsdale resolved to establish a village park and playground and to assess seventy per cent of the expense of that improvement against the owners of lands designated upon an assessment map as comprising the district to be benefited thereby. The cost of the project having meantime been determined, the Board, on June 12,

1928, apportioned seventy per cent thereof upon the respective properties so assessed, including premises of Eleanor M. Grieve against which was allotted $960.65 of the localized burden.

The Board then further resolved: " That the said assessments become due and payable in forty equal annual installments commencing with the year 1929, with interest on unpaid balances at the rate of four and one-quarter per cent per annum; * * * and * * * that the amount of the said assessments falling due in any year, including interest, shall be included in the annual tax levy of such village for such year and become due concurrently with the general village tax." These proceedings were taken and completed pursuant to section 280 of the Village Law (Cons. Laws. ch. 64) and within fifteen days thereafter became final and conclusive accordingly.

On May 22, 1933, Lawyers Title and Guaranty Company issued to plaintiff its certificate that title to the premises of Eleanor M. Grieve in the village of Scarsdale was, as of that date, vested in her " clear of all requirements, liens, encumbrances and defects except as in said instrument noted, and agreed to insure plaintiff against the existence of any and all requirements, liens, encumbrances and defects not therein noted." In reliance on this instrument, plaintiff thereupon purchased the title thus insured. The certificate made no reference to the above-mentioned local assessment to be borne by the premises after 1928, as part of the expense of the park and playground improvement laid out in that year by the Trustees of the village of Scarsdale. Installments of this assessment had been paid to and including 1932. Under the resolutions of the Trustees, further installments were to become due annually thereafter to and including 1968, in the aggregate sum of $863.97.

This is an action to recover that sum as the amount of a liability covered by the certificate of title insurance issued to plaintiff by Lawyers Title and Guaranty Com-

pany. No cause of action for negligence in searching the insured title is alleged. The Superintendent of Insurance, as rehabilitator of Lawyers Title and Guaranty Company, is made defendant. The Special Term granted his motion for judgment on the pleadings and dismissed the complaint. The Appellate Division affirmed. Plaintiff is here by leave of this court.

Title insurance operates to protect a purchaser or a mortgagee against defects in or incumbrances on a title existing at the date of such insurance. It is not prospective in its operation and has no relation to liens or requirements arising thereafter. (*Trenton Potteries Co.* v. *Title Guarantee & Trust Co.*, 176 N. Y. 65, 72.) The full form of the certificate of insurance of plaintiff's title is not before us. We have only so much of the text as has been quoted from his pleading. On that text, the issue is whether the unpaid installments of the assessment in question were on May 22, 1933, an existing requirement of, or a lien or incumbrance on, or a defect in, the title then acquired by plaintiff. His contention that such a lien existed at that time is based upon sections 280, 116 and 113 of the Village Law. We find no warrant for his position in these sections.

Section 280 contains the provisions under which the assessment was laid. That section does not provide that any assessment for a local improvement thereby authorized shall be a lien on property benefited. By subdivision 6 of that section it is provided (and the village Trustees here so resolved) that: " If the said assessments are payable in more than one installment, the amount thereof becoming due in any year may be included in the annual tax levy of such year * * * and in case of default in payment said assessments, with interest and penalties, may be collected in the same manner as delinquent village taxes." Section 116 provided: " The annual village tax is a lien * * * on real property on which it is levied from the fifteenth [now the first] day of June of the year in which it is levied * * *."

All installments of this assessment were paid to and including 1932. No installment unpaid on May 22, 1933 (the date on which the certificate of insurance issued), was then a lien on this title, or could become such a lien before June 15 of that year, by force of anything provided in sections 280 and 116 of the Village Law.

Section 113 of that statute has no application here. It defines the effect of assessments for named purposes which do not include the local improvements authorized by section 280.

A village board of trustees " may declare and provide that the cost of all local improvements or of any other work or benefit to or for abutting property as determined by it, shall be a lien upon the property." (Village Law, § 89, subd. 38.) The Board of Trustees of Scarsdale here elected not to follow that course, but rather to adopt the optional alternative method made available by section 280 of the statute. (See subd. 7.)

It follows, we think, that Lawyers Title and Guaranty Company no more agreed with plaintiff to protect him against liability for the unpaid assessment in question than it undertook to indemnify him for taxes to be levied against the premises after delivery of its certificate of title insurance.

The judgment should be affirmed, with costs.

FINCH, J. (dissenting). The Lawyers Title and Guaranty Company, by a policy of insurance, agreed to give the plaintiff a clear title, free of all requirements, objections and defects, except as these were noted in the policy of title insurance. It is not necessary that the objection or requirement should amount to a lien, but what is stated in the policy of title insurance is that any defect is insured against except those noted. Here, by the conceded facts, this plaintiff's property was subjected to a fixed assessment for a local improvement which was to become due and payable yearly in forty equal annual

installments, commencing in the year 1929, with interest on the unpaid balance at the rate of four and one-quarter per cent per annum, the amount of assessment to be added each year to the annual tax.

The certificate upon which the plaintiff relied certified to the plaintiff that title to the premises was vested in Eleanor M. Grieve, clear of all requirements, liens, incumbrances and defects, except as in said certificate noted, and agreed to insure the plaintiff against the existence of any and all requirements, liens, incumbrances and defects not therein noted. The complaint is based on the foregoing certificate. The plaintiff alleges in his complaint that this defect amounts also to a lien, but the plaintiff may succeed upon proof that the future installments are an objection to title not noted in the policy although they do not amount to liens. That this assessment for a park constitutes a defect and objection to title admits of no doubt. It is payable in annual installments for forty years to come, with interest at four and one-quarter per cent from the time the assessment was completed and could have been paid without interest. Such interest also is to be computed on the entire amount of the assessment, and not on the amount of each installment. The interest is either a penalty for non-payment of the assessment or is a charge for the extension of the time for payment by the exercise of the option to pay in installments. In either case, this evidences the fact that the entire assessment was payable when this amount was determined and lends support to the plaintiff's contention that this objection and defect also amounts to a lien. But, as already noted, this defect in title need not amount to a lien to come within the terms of the certificate, which agrees to protect plaintiff against not only liens but also against all requirements, defects and objections not noted in the policy by way of exception as not being insured against.

Every year for forty years this additional amount will be added to plaintiff's ordinary tax bill. In accordance with established practice, the total amount of these unpaid installments of assessments would have been deducted from the purchase price at the time of closing of title, if they had been disclosed to appellant as the title company agreed to do.

The title company urges that although no policy was issued the certificate is to be construed as containing all the terms and conditions contained in the policy ordinarily issued by the company. This contention would not seem justified by the facts, but even assuming that it were so, it does not avail respondent. The agreement of the title company was to note among the exceptions not insured against, the existence of any and all requirements, objections and defects, and in default thereof to insure against their existence. The fact that the policy of insurance to be issued merely stated that plaintiff was not insured against assessments payable in installments is not material to excuse the failure to comply with the agreement by the title company to bring to the attention of the insured the existence of future installments by way of exception. In any event, the wording of the policy in this regard is ambiguous and in accordance with the usual rule must be taken most strongly against respondent.

The measure of damages of the appellant is at least the difference between the value of the property subject to the assessment and free from it. (*755 Seventh Ave. Corp.* v. *Carroll*, 266 N. Y. 157.)

Title insurance policies are intended to inform the purchaser of any defects in the title, claims against or burdens or requirements on the property. Unless defects or objections are noted, at least in the exceptions, the policy becomes valueless. An assessment levied against the property, although not a lien nor payable until the future, is clearly a burden on the property concerning which the purchaser seeks information. To hold that

although objections to a title are not noted either by way of exception or otherwise, those insuring the title are not liable, is to render useless title insurance.

The judgment dismissing the complaint should be reversed and a trial had for the purpose of determining the damages of plaintiff.

CRANE, Ch. J., LEHMAN, O'BRIEN and CROUCH, JJ., concur with LOUGHRAN, J.; FINCH, J., dissents in opinion in which HUBBS, J., concurs.

Judgment affirmed.