■ JOHN F. COLE et al., Respondents, v. HOME TITLE GUARANTY COMPANY, Appellant.— Order of the Supreme Court, Westchester County, dated August 1, 1966, reversed insofar as appealed from, on the law, without costs, plaintiffs' motion for summary judgment denied and summary judgment granted to defendant dismissing plaintiffs' amended complaint; and, in accordance, the provisions of the first and fourth decretal paragraphs of the order other than those which except plaintiffs Howard from the granting of summary judgment to plaintiffs are struck out. In our opinion, the assessments involved at bar did not become liens until after the issuance of the respective title policies. Nor were they intended to be, nor may they be deemed to be, within the pertinent coverage provision of the policies, namely, "any statutory lien for labor or material furnished prior to the date hereof which has now gained or which may hereafter gain priority over the interest insured hereby". In our opinion, any other determination would be inconsistent with the concept of assessments as distinguished from mechanics' liens and would impose a risk which the title company, absent specific coverage to that effect, did not assume (Cf. *Metropolitan Life Ins. Co.* v. *Union Trust Co.*, 283 N. Y. 33; *Mayers* v. *Van Schaick*, 268 N. Y. 320). We are further of the opinion that the agreement between the town, Cross Roads and Bingham was designed to assure payment to the town and did not create any ultimate liability or obligation upon the purchasers which had not already been imposed upon them by statute in accordance with the benefits conferred upon their respective properties. In view of the foregoing, we do not reach the merits of defendant's affirmative defenses or of the dismissal by Special Term of all but the first of such defenses. Beldock, P. J., Christ, Brennan, Rabin and Hopkins, JJ., concur.