BUTCHER v BURTON ABSTRACT & TITLE COMPANY

1. PROPERTY—REAL ESTATE—ENCUMBRANCES—SPECIAL ASSESSMENTS—LIENS.

   The general rule is that a special assessment does not become an encumbrance until it has achieved lien status.

2. PROPERTY—REAL ESTATE—TITLE INSURANCE—ENCUMBRANCES—AD VALOREM TAXES—LIENS.

   Ad valorem taxes not yet due are not liens or encumbrances within the meaning of a title insurance policy.

3. PROPERTY—REAL ESTATE—TITLE INSURANCE—ENCUMBRANCES—LIENS.

   Charges which plaintiffs claimed were encumbrances on their property and which were neither due nor liens at the date of the issuance of a title insurance policy did not constitute liens or encumbrances within the meaning of the policy terms.

Appeal from Wayne, Charles Kaufman, J. Submitted Division 1 December 6, 1973, at Detroit. (Docket No. 17063.) Decided March 7, 1974. Leave to appeal denied, 392 Mich 767.

Complaint by Robert E. Butcher and Gladys K. Butcher against the Burton Abstract & Title Company to recover under a policy of title insurance. Summary judgment for defendant. Plaintiffs appeal. Affirmed.

*Robert E. Butcher,* for plaintiffs.

*Reid, Gilmore & Reid,* for defendant.

REFERENCES FOR POINTS IN HEADNOTES
[1] 70 Am Jur 2d, Special or Local Assessments §§ 163–166, 188.
[2, 3] 44 Am Jur 2d, Insurance §§ 1450–1452.

Before: LESINSKI, C. J., and BASHARA and VAN VALKENBURG,* JJ.

LESINSKI, C. J. The plaintiffs, Robert E. Butcher and Gladys K. Butcher, appeal from an order issued by Wayne County Circuit Judge Charles Kaufman granting defendant Burton Abstract and Title Company's motion for summary judgment. The facts precipitating this appeal are not disputed.

The plaintiffs purchased property in Grosse Ile. Township on June 16, 1966. Defendant issued its owner's title insurance policy covering the property dated July 21, 1966. The terms of the policy contract insured the plaintiffs "against all loss or damage * * * which the insured shall sustain by reason of the failure or unmarketability of the title * * * excepting only such liens, incumbrances and other matters as set forth * * * and subject to the conditions and stipulations * * * hereto annexed". The first annexed condition reads:

"The Burton Abstract and Title Company will, at its own cost, defend the insured in all actions or proceedings founded on a claim of title or incumbrance prior in date to this policy, except as to items specifically excluded."

Plaintiffs claim that various charges not excepted by the policy instituted by the township of Grosse Ile, and attorney's fees expended in previous litigation contesting aspects of those charges, give rise to damages under the policy contract.

The charges in question placed against the property by the township of Grosse Ile include the following:

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

"(1) annual ad valorem taxes assessed against the township of Grosse Ile by the Grosse Ile sanitary interceptor drain and treatment plant drainage district, pursuant to chapter 20 of the drain code of 1956, to pay the costs of the sewage plant (the first payment was due December 1, 1965 and had been paid by the previous owner; 29 additional assessments would be required to retire the 30-year sewer bonds);

"(2) annual ad valorem taxes assessed against Grosse Ile Township to retire Grosse Ile Board of Education school bonds approved in 1955, 1958, and 1963 by the electorate, which taxes are due each December 1st;

"(3) a special assessment exceeding $2,000 subjected by a township ordinance (effective June 27, 1966), passed to help pay for a sewer installed in front of plaintiffs' property in 1965, and various sewer connection charges pursuant to this ordinance."

After being informed by the township of the sewer charges on September 27, 1967, 14 months after the title insurance policy was issued, the plaintiffs began a suit prior to the instant litigation which contested the charges imposed by the township ordinance mentioned above and the validity of the ordinance itself as well as the validity of MCLA 123.192; MSA 5.2767(102) which required plaintiffs' to connect to the public sewer and made the property subject to charges pursuant to such connection. For the history of this prior litigation, see *Butcher v Grosse Ile Twp,* 24 Mich App 389; 180 NW2d 367 (1970); 387 Mich 42; 194 NW2d 845 (1972); 409 US 814; 93 S Ct 69; 34 L Ed 2d 71 (1972). The only relevance of this prior suit to the present action is that the sewer finance ordinance was upheld, but the sewer connection requirement and charges were prohibited in the face of an adequate private sewage disposal system. Therefore, in this action, the plaintiffs do not claim that their damages include charges arising from the township finance ordinance, which they did not

have to pay, but only that the defendant should have complied with their request to enter the previous action and defend their property against the alleged encumbrances not excepted by the policy. In relation to the third charge in question mentioned above, they thus claim only attorney fees expended in the litigation over the sewer finance ordinance.

The critical question presented by these facts is whether the charges placed against plaintiffs' property by the township of Grosse Ile constitute encumbrances within the meaning of that term as used in the title insurance policy contract.

Judge Charles Kaufman decided the question adversely to the plaintiffs in a thorough, scholarly, 17-page opinion. We agree with his decision to grant the motion for summary judgment.

The charges claimed to be encumbrances on the plaintiffs' title can be classified as either special assessments (the connection charges and possibly the ad valorem sewer taxes) or prospective general ad valorem taxes (the school taxes and the ad valorem sewer taxes). The plaintiffs concede that none of the charges were due at the time the title insurance policy was issued and plaintiffs even admit in their brief that none of the charges constituted liens on the property.

Granting that the broadest definition of the word "encumbrance" might include prospective charges, the general rule is that a special assessment does not become an encumbrance until it has achieved lien status. *Municipal Investors Ass'n v City of Birmingham,* 298 Mich 314, 328; 299 NW 90, 95 (1941); 72 ALR 302. See also *Cemansky v Fitch,* 121 Iowa 186; 96 NW 754 (1903); and *Metropolitan Life Ins Co v Union Trust Co of Rochester,* 283 NY 33; 27 NE2d 225 (1940). Furthermore, ad

valorem taxes not yet due are not liens or encumbrances within the meaning of a title insurance policy. In *Mayers v Van Schaick,* 268 NY 320; 197 NE 296 (1935), the New York Court of Appeals dealt with a situation analogous to the instant case. Property owners in the Village of Scarsdale, New York, were to be charged with 40 annual installments to defray the cost of a local park. After finding out about the annual assessment, the owner sued his title insurance company since its certificate did not except the annual park assessment. The Court said:

"Title insurance operates to protect a purchaser or a mortgagee against defects in or incumbrances on a title existing at the date of such insurance. It is not prospective in its operation and has no relation to liens or requirements arising thereafter.

\* \* \*

"It follows, we think, that Lawyers Title & Guaranty Company no more agreed with plaintiff to protect him against liability for the unpaid assessment in question than it undertook to indemnify him for taxes to be levied against the premises after delivery of its certificate of title insurance." 268 NY 323, 324; 197 NE 296, 297–298.

Since none of the charges the plaintiffs claim as encumbrances were either due or liens at the date of the issuance of the title insurance policy, they do not constitute liens or encumbrances within the meaning of the policy terms. The motion for summary judgment was properly granted.

Affirmed. Costs to defendants.

All concurred.